## Schott v. Highland Township School Board et al.

*John S. Miller*, for plaintiff; *Alfonse J. Straub*, for defendants.

BAIRD, P. J., January 11, 1932.—The defendant and insurance carrier have appealed from the decision of the Workmen's Compensation Board affirming the findings of fact, conclusions of law and award of the referee.

As we view the matter, it is necessary to consider only the first, second and fifth of the appellants' exceptions, as follows:

"First. The learned board erred in affirming the award of the referee under the proven facts in the case.

"Second. The Workmen's Compensation Board erred in affirming the following portion of the first finding of fact by the referee: 'That during the period between June 5, 1930, and August 25, 1930, the schools of Durant City are not in session, but the claimant had numerous duties to perform for the defendant school board, and his testimony that on the day of the accident he was returning to his home after having secured biological specimens is not refuted; that the duties of the principal of a high school are supervisory in character, and being such the claimant was entitled to fix such periods for the performance of necessary duties as he desired, without specific instructions from the members of the township school board:' in that there is no evidence in the testimony to support it. On the contrary, the duties of the claimant as principal of the Durant City school are fully defined by the evidence and it does not appear that the gathering of biological specimens was a necessary duty of plaintiff's employment as principal of said school."

"Fifth. The learned board erred in affirming the second conclusion of law made by the referee, as follows: 'That the injuries resulting from said accident were such violence to the physical structure of the body as is contemplated in section 301, article III, of the Workmen's Compensation Act of 1915 and were suffered by the claimant in the course of his employment and while he was actually engaged in furthering the business or affairs of the defendant,' in that the said injury suffered by the claimant did not occur in the course of his employment and while he was engaged in furthering the business affairs of the defendant employer. On the contrary, the evidence discloses that claimant was off the premises of the employer when the injury occurred and at that time was not engaged in any specific or required act in the furtherance of the regular business of the employer defendant but was engaged on a purely voluntary mission without specific order or direction from his employer."

At the time of the accident the claimant was employed by the defendant as principal of the Durant City school and teacher thereat of certain sciences, including biology, under a yearly contract. His contractual year began on June 2, 1930. The school term following began on August 25 or 26, 1930. The accident happened on Saturday, July 26, 1930, while the school was in vacation. At the time of the accident, caused by the overturning of an automobile, claimant was returning to his home in Sabinsville, Tioga County, with some biological specimens—a few small fish—which he had collected that morning. He had been attending a summer session of Bucknell University at Lewisburg, in Union County, for the purpose of qualifying himself for a degree, and had gone to his home, 135 miles distant from Lewisburg, the evening before, for the week-end, and the following morning, the morning of the accident, went out on "a collecting trip, collecting biological specimens."

The real and only question in the case is whether the injuries sustained by the claimant were suffered by him in the course of his employment and while actually engaged in the furtherance of the business or affairs of the defendant. That is a question of law: Anderson v. Baxter et al., 285 Pa. 443, 448.

There is nothing in any finding of fact by the referee (and the board has made no findings of its own) that would warrant an answer to this question favorable to the claimant. The whole of the referee's finding in relation to the employment of the claimant is contained in that portion of his first finding of fact, above quoted, to which exception has been taken by the appellants. Although he finds that during the period between June 5, 1930, and August 25, 1930, when the schools of Durant City were not in session, the claimant had numerous duties to perform, and that, his duties being supervisory in character, he was entitled to fix such periods for the performance of necessary

duties as he desired, without specific instructions from the school board, he, the referee, does not find that it was any part of the duty of the claimant to gather or collect biological specimens, nor could such a conclusion have been drawn from the testimony had the referee so found. The whole of the claimant's testimony, so far as it relates to the scope of his duties, is as follows:

Direct examination by referee:

"Q. Mr. Schott, what is your business? A. I am principal of the Durant City school and teacher, too. Q. And as such you work under contract? A. Yes. Q. With whom? A. With the Highland Township School Board. Q. And your contract specifies what as to your length of time? A. It specifies I am engaged for twelve-month period. . . . 'Twelve-month period commencing Monday, the 2nd day of June, 1930.' . . . Q. What do you do between June 5th and the starting of school; do you have any duties to perform? A. You mean otherwise than my school duties? Q. No; have you any school duties to perform during that period when school is not in session? A. I look after certain school matters that have to be looked after; pupils' records and such things as that; also I have checked up book supplies and have gathered material for school purposes, biological material, and have been required by the school board to attend summer school."

Cross-examination by Mr. Engell:

"Q. What school do you teach under your contract? A. Durant City school, teaching mathematics and science. Science includes, this year, physics and biology, and last year chemistry and biology. Q. And that Durant City school term opened when in 1930? . . . A. August 25th or 26th, one of those two dates. Q. You say under your contract you were required to attend summer school? A. Yes, sir. Q. There is nothing in this contract that requires you to go out and get biological specimens, is there? A. No more than pursuing my duties as a teacher. Q. That was your own voluntary act, was it? A. No, that is part of my duties as a teacher. Q. Nobody sent you out to get these? A. Why, if you mean this: did they tell me to go this day or say that I should go on that particular day, no, but I am supposed to do that. I do that when my judgment tells me it should be done. . . . Q. You had not been sent out to get these by anyone, it was just a thought that occurred to you that they would be valuable in your studies? A. No, I am supposed to collect that material for my biological teaching. Q. No one had instructed you to collect it, had they? A. I don't see what you are driving at. Q. That is a plain question?"

By Referee Smith:

"Q. Did any of your superiors instruct you to do this? A. They had not instructed me definitely to go out and secure them. Q. That is part of your work? A. That is part of my work. Q. And you were really supervisor of the school work? A. Yes, sir. Q. You don't feel that you have to be specifically told to do these things? A. No, sir. If I did only what I was supposed to do I would have an easy task. I am not supposed to coach a basketball team, but I coach a basketball team. Q. And if you were injured you would expect compensation for it? A. Yes, if I was injured while coaching."

In addition to his own testimony, the only other testimony relative to the duties of the claimant was given by Mr. Smiley Caldwell, secretary of the school board. He testified on direct examination by the referee:

"Q. Mr. Caldwell, you are a member of the Highland Township School Board? A. Yes, sir. Q. And you know Mr. Schott? A. Yes, sir. Q. And you have heard his testimony here concerning his duties? A. Yes. Q. And the length of time of his contract? A. Yes, sir. Q. Is that correct, what he states? A. Yes, sir. Q. What is expected of a high school principal during the period that school is

not in session in the summer time? A. Well, our requirements of Mr. Schott are that he has charge of the pupils' records, he takes care of them, and he also checks up on our supplies and notifies the secretary of the school board what is needed and where they are needed, and to continue his studies at school until he receives his degree. Q. And your school board had call on him during this period? A. Yes, sir, we did. . . . Q. You know that he taught the sciences out there? A. Yes, sir."

There is nothing in the testimony of the secretary to support a claim that the gathering of biological specimens was an act specifically required of the claimant, and he himself testified that his superiors "had not instructed [him] definitely to go out and secure them." The most casual reading of his entire testimony leaves no doubt that the assumption of this work on his part was without any foundation whatever in any instructions, specific or otherwise, from his employer.

After reviewing some of the cases, and particularly its own case of Weeks v. Bristol Township School District, 13 W. C. B. 427, the board proceeds:

"From the foregoing it will be observed that while the claimant was furthering the affairs of his employer, the fact is not decisive in his favor, and before an award can be sustained it must be shown that the claimant was at the time engaged in some specific or required act in the furtherance of the regular business of the master. This seems to be the rule in all cases where the injury occurs off the premises of the employer."

That such is the rule admits of no doubt. See Cronin v. American Oil Co., 298 Pa. 336, 340, 341, and cases there cited. The board, however, has made an exception to this rule in favor of the claimant. Its reasons therefor may be summarized in the following excerpt from its opinion:

"The work in which the decedent [claimant] was engaged was so unusual as to take it out of the category of the usual clerical work, such as examining papers and filing multitudinous reports, usually required of teachers. It was the work of securing supplies for the school term, and it is inconsequential whether these supplies be in the nature of biological specimens or books. If the work had been undertaken by any other person than the principal who was authorized to undertake or initiate it, we would be compelled to hold that such other teacher would have been required to be specifically authorized by some higher authority than he. Inasmuch as it is our opinion that the authority in this case was the principal, there seems to be a necessary relationship between the fact of employment and the course of employment, and particularly when we remember that the claimant was being compensated for his services at the time."

Whatever merit there might be in this line of argument if the facts found by the referee or disclosed by the testimony were as assumed, the conclusion of the board is vitiated by the unwarranted assumption that the claimant as principal of the school "was authorized to undertake or initiate" the work in which he was engaged at the time of the accident.

We conclude, as did the Workmen's Compensation Board in Weeks v. Bristol Township School District, supra, that "however worthy the motive, the election by a teacher to do work, off the premises, the school grounds without any specific order or direction from the employer is purely volitional, commendable but not compensable."

Moreover, the assumption of the board that it was the duty of the claimant to secure supplies of any kind for the school term is contrary to the provision of section 701 of the School Code of May 18, 1911, P. L. 309, which require that "the boards of school directors of each school district . . . shall purchase all

necessary furniture, equipment, text-books, school supplies and other appliances for use of the public schools, or any department thereof, in their respective districts. . . ."

The geography of the case, too, is against the claimant. Durant City, where he was employed, is in the extreme northwest corner of Elk County. Sabinsville, near which place the accident occurred, is in Tioga County, and although the testimony is silent concerning the distance from one place to the other, a glance at any road map will show that they are at least eighty miles apart, by the shortest route, and even though we were prepared to agree that under the testimony and the law it was his duty to collect biological specimens, it could not possibly be found therefrom that it was his duty to go so far from the school premises in search of them, without also finding it to be his duty to go anywhere his fancy or judgment might suggest, however far, which would be a manifest absurdity.

In view of the inconclusive nature of that portion of the referee's first finding of fact to which exception has been taken, there appears to be no reason why its affirmance by the board should be disturbed, and the appellants' second exception is, therefore, dismissed, but being satisfied that on the showing made by the claimant himself he has no cause of action, the first and fifth exceptions are sustained.

Now, January 11, 1932, the award of the referee, affirmed by the Workmen's Compensation Board, is reversed, and judgment is here entered for the defendants.

From John H. Cartwright, Ridgway, Pa.