## Palko v. Taylor-McCoy Coal & Coke Co. (et al., Appellant).

*Workmen's compensation—Course of employment—Death—Act of June 2, 1915, P. L. 736—Off the premises of employer—Words and phrases—Definitions.*

1. The term "course of employment" as used in the Workmen's Compensation Act of June 2, 1915, P. L. 736, has a necessary relation to the facts of employment while on the premises, and a still closer relation to the fact of employment when an injury occurs off the premises; in the latter case, the employee must be actually engaged in his master's business.

2. The word "premises" as used in the act, has a narrower meaning than the word "property." "Premises" includes the land where the business (is actually carried on in which the employee is engaged).

3. "Course of employment" does not cover all the time during the day; it does not extend to intervals of time between regular working hours, or to the interval between the regular working hours and a new, additional or different work to be undertaken at another period of time, in which interval the employee leaves the premises.

4. The term "course of employment" includes the intervals of time for leisure interspersed in regular working hours for rest or refreshment on the premises.

5. "Actual" engagement does not include a mere preparation for work at home; nor does it include the journey to the premises to work, nor leaving the premises after work.

6. Time spent in the work of personal preparation, including the journey to and from, may be in aid of the actual engagement, but it does not, in law amount to actually engaging in the furthering of the affairs of the employer.

7. Where it appears that a workman was employed at regular work, and, some times, after the regular work was finished, he was employed at extra work for which he was paid extra wages for the actual time at work, no recovery can be had for his death, if it happens that, after his regular work was finished, he was instructed to perform extra work, but, before entering on the extra work, he started home for breakfast and was killed on his way, on property adjacent to that of his employer.

8. The instructions to do extra work and the statement that he would go home to breakfast, did not serve to continue the old employment that had ended, and the wages for which had ceased.

9. Nor did the instructions constitute a new engagement dating from the hour when the orders were given, inasmuch as no pay was to be received for his time in the interval.

Argued March 17, 1927. Before FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 78, March T., 1927, by defendant, insurance carrier, from judgment of C. P. Cambria Co., Dec. T., 1926, No. 254, affirming decision of Workmen's Compensation Board, in case of Rosie Palko v. Taylor-McCoy Coal & Coke Co. and State Workmen's Insurance Fund of Pennsylvania. Affirmed.

Appeal from decision of Workmen's Compensation Board which set aside award of compensation by referee. Before EVANS, J.

The opinion of the Supreme Court states the facts.

Decision affirmed. State Workmen's Insurance Fund of Pennsylvania appealed.

*Error assigned,* inter alia, was judgment, quoting record.

*Peter P. Jurchak,* for appellant.—An employe's being in or out of "the course of employment" does not relate essentially to his being on or off the "premises" of the

employer: Ferri v. Quarry Co., 266 Pa. 264; Cymbor v. Coal Co., 285 Pa. 440; Haddock v. Steel Co., 263 Pa. 120; Dzikowska v. Steel Co., 259 Pa. 578; Ward v. Refining Co., 84 Pa. Superior Ct. 434; Laraio v. R. R., 277 Pa. 382.

*Samuel I. Spyker,* with him *Thomas J. Baldrige,* Attorney General, for appellee.—The following cases which have been cited by the court below and by Chairman Walnut of the Workmen's Compensation Board, will, no doubt, be of considerable assistance to this court in disposing of the question involved in this case: Dzikowska v. Steel Co., 259 Pa. 578; Gurski v. Coal Co., 262 Pa. 1; Granville v. Coal Co., 76 Pa. Superior Ct. 335; Waite v. Limestone Co., 78 Pa. Superior Ct. 7. See also Blouss v. R. R., 73 Pa. Superior Ct. 95; Spizzirri v. Krouse, 73 Pa. Superior Ct. 476.

OPINION BY MR. JUSTICE KEPHART, April 11, 1927:

This appeal is from the dismissal of a claim under the Workmen's Compensation Act of 1915, P. L. 736. Deceased was regularly employed by the Taylor-McCoy Coal & Coke Company as a "coke drawer," on a contract basis, rated by the number of cars loaded. Coke was drawn from ovens and loaded into cars, and each employee had a certain number of ovens to draw. Frequently, after their regular work was finished, the employees would be directed to aid in firing other ovens during the day. For this work extra wages, by the hour, were paid, but only for the time engaged in the actual work. Deceased was instructed, on the day of the accident, to perform this extra work, and, after his regular work was finished, he left for home to get something to eat, intending to return. In going home, he used the path customarily taken by the employees, which ran through the property of defendant, that of another coal company and over a bridge. While passing through the adjacent property, he was struck by a dinkey engine and

instantly killed. His wife's claim for compensation was granted by the referee, but refused by the board and the court below.

Our act bases recovery of compensation on an injury in the course of employment. Article III, sec. 301, reads: "The term 'injury by an accident in the course of his employment,' as used in this article......shall include all other injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere." The question for us to determine is whether the deceased was killed in the course of employment or when actually engaged in furthering the business of the employer while off the premises. The act specifically requires an employee to be *actually* so engaged if he is injured while off the employer's premises: Maguire v. James Lees & Sons Co., 273 Pa. 85.

The term "course of employment" has a necessary relation to the fact of employment while on the premises and a still closer relation to the fact of employment when an injury occurs off the premises. In the latter case, the employee must be actually engaged in his master's business. Our prior decisions show that, in each instance where compensation was allowed for accidental injuries, occurring off the premises, the facts warranted the conclusion that the employee sustained his injuries while actually engaged in the performance of some as yet incompleted business of his employer. See cases in Maguire v. James Lees & Sons Co., supra. For illustration, see Haddock v. Edgewater Steel Co., 263 Pa. 120, where an employee had a report of an investigation, made in a city some distance away, to submit to the employer, and returned too late at night to communicate it. While on the way to his home he was injured, and it was held that his work continued during the journey home. As illustrating the opposite situation, in Stahl v. Watson Coal Co., 268 Pa. 452, an employee, having no regular working hours, but subject

to call at any time, was engaged from six to three. He then started for home. His body was found on the property but not the premises of his employer. Held, that when he left for home, though subject to immediate recall, the accident did not happen when he was actually engaged in the master's affairs or in the course of employment. The word "premises" as used in the act, has a narrower meaning than the word "property." "Premises" includes the land where the business in which the employee is engaged, is actually carried on.

"Course of employment" does not cover all the time during the day; it does not extend to intervals of time between regular working hours, nor to the interval between the regular working hours and a new, additional, or different work to be undertaken at another period of time, in which intervals the employee leaves the premises. We do not pass on the question which might arise where the employee remains on the premises. The term "course of employment" does include the intervals of time for leisure interspersed in regular working hours for rest or refreshment on the premises (Dzikowska v. Superior Steel Co., 259 Pa. 578), or to minister to personal comfort or relieve nature (Ferri v. Lenni Quarry Co., 266 Pa. 264); but it does not cover the time going to or from work after or before regular or extra working hours: Maguire v. James Lees & Sons, supra; Shickley v. Philadelphia & Reading Coal & Iron Co., 274 Pa. 360; Rotola v. Punxsutawney Furnace Co., 277 Pa. 70.

As stated above, when an employee is off the premises, the word "actual" engagement has a marked significance as it relates to the liability of the employer for compensation. It does not include a mere personal preparation for work at home, which may include dress as well as meals; nor does it include the journey to the premises to work; nor for the same reason would it include leaving the premises after work either to return home or

to prepare one's self to enter a new engagement for the employer, by the performance of extra work.

Time spent in the work of personal preparation, including the journey to and from, may be in aid of the actual engagement, but it does not, in law, amount to actually engaging in the furtherance of the affairs of the employer.

Coming to the facts in the instant case, as controlled by these principles, we find that, when the deceased finished his usual labor each morning, under ordinary circumstances he left for home. It was the customary thing to do, and his conduct on the morning of the accident was not different from what it was on other mornings. True, on that morning he was directed to do some extra work, and, according to the testimony, said he had had no breakfast, and would go home to eat before starting work. There were some other men who received similar instructions, but the purpose which caused them to leave on this morning was the same as that of any other morning, and, had the accident occurred at a time when no orders were given for extra work, it could not be contended either that the injury occurred in the course of employment or that he was actually engaged in furthering the employer's business. The instructions to do extra work and the statement that he would go home for breakfast did not serve to continue the old employment that had ended, and the wage for which had ceased.

Nor did the instructions constitute a new engagement dating from the hour when the orders were given; no pay was to be received for his time in the interval. The working hours of his regular employment had closed. No further contractual relation existed as to it, and the injury occurred off the premises. The new employment would not commence until his return, and wages would be paid for the time he actually worked thereafter. To carry appellant's claim to its utmost, the employment would continue from the moment orders were given until he returned, though he might not be needed

for some hours, during which time the employer would be subjected to liability.   This, as indicated above, is not the rule.

The court below was correct in holding that there was no employment in the interval of time between the ending of his regular working hours and the beginning of his new work, during which time he was off the employer's premises.

The judgment of the court below is affirmed.