Cronin *v.* American Oil Co., Appellant.

Argued October 9, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*C. Wm. Campbell,* of *Campbell, Houck & Nixon,* with him *Edwin H. Brownley,* for appellant.—Deceased was not injured in the course of his employment: Palko v. Coal & Coke Co., 289 Pa. 401; Shoffler v. Coal Co., 290 Pa. 480.

The question as to whether the evidence is sufficient to show an accident in the course of employment is one of law and subject to review: Kuca v. Coal Co., 268 Pa. 163; Strohl v. Rys., 270 Pa. 132; Callihan v. Montgomery, 272 Pa. 56; Maguire v. Lees & Sons Co., 273 Pa. 85.

The burden was upon the claimant to show that the deceased was injured while actually engaged in the furtherance of the business or affairs of the employer: Palko v. Coal & Coke Co., 289 Pa. 401; Spizzirri v. Krouse, 73 Pa. Superior Ct. 476; Flucker v. Steel Co., 263 Pa. 113; Haddock v. Steel Co., 263 Pa. 120; Bossard v. Nallin, 93 Pa. Superior Ct. 301.

Causal connection between the death and hold-up combined with the fright and shock incident thereto has not been established: McCrosson v. Transit Co., 283 Pa. 492; Vorbnoff v. Machine Co., 286 Pa. 199; Johnston v. Construction Co., 292 Pa. 509; Gausman v. Pearson Co., 284 Pa. 348; Standard Oil Co. v. Industrial Commission, 322 Ill. 524.

Appellee filed no brief and was not heard.

Opinion by Mr. Justice Sadler, November 25, 1929:

The widow of J. A. Cronin, on her own behalf and for minor children, claimed compensation from the American Oil Company as a result of her husband's death, and an award was made by the referee, subsequently approved by the compensation board and the court of common pleas, on appeal. It is claimed by defendant that the injury suffered was not in the course of employment, and, further, that no adequate proof was shown of a causal connection between the employment and the

death. As to the second objection, the record presents sufficient medical evidence to establish that the death was the result of heart disease, a physical defect aggravated by the fall of decedent, under circumstances to be later detailed and if this was the only question involved, the judgment entered would be sustained, for the experts called by plaintiff sufficiently declared it to be their professional opinion that the death was the result of or was accelerated by the injury: Biasi v. Lehigh Coal & Nav. Co., 295 Pa. 80; Dopkin v. P. & R. C. & I. Co., 296 Pa. 71. The referee and board so found, on testimony sufficient to justify this conclusion, and we have frequently held that, under such circumstances, the determination reached will not be interfered with: Johnston v. Payne-Yost Construction Co., 292 Pa. 509, and cases there cited.

The real problem for consideration is, Did Cronin suffer an injury in the course of his employment? Whether, assuming the evidence to be true and drawing all the inferences therefrom in claimant's favor, it shows this fact affirmatively, is a matter of law: Maguire v. Lees & Sons Co., 273 Pa. 85; Krapf v. Arthur, 95 Pa. Superior Ct. 468. To determine this question, a consideration of the facts is necessary. On August 28, 1928, the deceased was employed as a service station attendant by the defendant. His hours of labor were from 3:30 p. m. to midnight. He collected the proceeds of sales made, and a safe was provided at the place of employment for their deposit. To protect against possible loss, the defendant carried burglar insurance. Cronin could place the money received in the receptacle furnished and be thereby relieved from personal responsibility. No order required that he keep the funds in his own charge after hours, though the evidence showed that, ordinarily, he carried the day's receipts to his home, returning with them the next afternoon. This custom was neither expressly approved, nor dissented from, by the company, but the practice followed was

voluntary on the part of the employee, as he was not required to so act, and other means for the care of the collections had been supplied.

Within a few minutes after closing time, Cronin left for his home carrying funds of the company amounting to $1.85, and also cash belonging to himself. When he had gone ten or eleven blocks from the filling station, three robbers sprang from an alley, placed a gun to his body, and demanded that he throw up his hands. There was no evidence that the highwaymen were aware that Cronin was an employee of defendant, that he was accustomed to carry cash of the oil company, or that he was waylaid by reason thereof. The money of defendant, which he had in his possession, was seized, but not that personally belonging to him. Others arrived at the scene, and the assailants fled. The decedent ran into the street, and fell in the middle of the car tracks, bruising his left side. He reported to work the next day, and continued his occupation without interruption until September 30th, then leaving, and returning later on October 24th. His services lasted until December 16th, when he became incapacitated, and was taken to the hospital, where he died on February 24th following. No claim for compensation was made during his lifetime, but, thereafter, the widow demanded payment and presented her petition asking that an award be made.

The right to recover depends upon whether Cronin was attacked while in the course of his employment. His hours of service, and the place where the same was to be performed, were definitely fixed. Though, ordinarily, his work ceased at midnight, and he returned again the following afternoon, yet no duties between these times were imposed upon him. When he left his workingplace to go home, the liability of the employer to him as an employee ended, unless after departing from the premises he was incidentally performing some act for the master under his contract of service. The exception in such case is found where there is some special duty

undertaken for and directed by the employer after the work is completed: Haddock v. Steel Co., 263 Pa. 120; Cymbor v. Binder Coal Co., 285 Pa. 440. It must not be an act done for the mere convenience of the employee, but by order of the master, express or implied: Fairbank Co. v. Industrial Commission, 285 Ill. 11, 120 N. E. 457. Unless such circumstances appear, his employment ends when he starts home from the premises (Palko v. Taylor-McCoy Coal Co., 289 Pa. 401; Maguire v. Lees Sons & Co., supra; Spizzirri v. Krouse, 73 Pa. Superior Ct. 476), and does not continue thereafter, while on the way to his residence: Bossard v. Nallin & Jennings Park Co., 93 Pa. Superior Ct. 301. The mere fact of employment is not enough to justify an award of compensation, for the injury must be inflicted while engaged in the course of it: Shoffler v. Lehigh Valley Coal Co., 290 Pa. 480.

There was no direction, in the present case, that Cronin carry the money of the company to his home and return with it the next day, as found in Mason v. Scheffer, 197 N. Y. Supp. 22, and Clifton v. Kroger Co., 217 Mich. 462, 187 N. W. 380, cases frequently cited where similar facts were in question. On the contrary, a safe had been provided in the office for the keeping of such funds as might be collected. The fact that it was the custom of the deceased to retain the moneys in his personal possession, even though known to the employer, does not extend his course of employment beyond the premises where engaged. A like situation, where the practice of departing in a certain way, other than by an available road, was known, and not objected to by the employer, was the subject of discussion by Mr. Justice KEPHART, in the recent case of Morucci v. Susquehanna Collieries Co., 297 Pa. 508, where the one injured was returning, as usual, but without express assent, from his place of work, on cars operated by the master. The same ruling was made, denying liability, where the servant came to work by a path, not a part of the premises,

though the company knew of its use, and had provided a guide rope along it: Short v. Hughes Coal Co., 96 Pa. Superior Ct. 237. In the present case, Cronin was a mere volunteer in carrying the money of the company, another place for its deposit having been provided, and his employment ceased when he left the filling station. The practice to act as he did, though it may have been known to defendant, does not constitute an extension of the course of employment, so as to cover the intermediate distance to his home, and, what would necessarily follow, if claimant's contention be sustained, a continuing responsibility for any injury to the employee until his actual return to service the next afternoon.

It may further be noted that there is nothing to show that the deceased was attacked by the robbers, ten or eleven blocks from his place of work, because of their knowledge that he carried the company's funds, or might have such in his possession. He was set upon as might have been any other pedestrian passing on the highway. Though the defendant, upon whom the burden of proof rested, failed to show affirmatively that the injury was inflicted as a result of personal enmity toward the one assaulted, thus excusing the employer (McDevitt v. Checker Cab Co., 288 Pa. 394; Meucci v. Gallatin Coal Co., 279 Pa. 184; Cawley v. American Ry. Express Co., 276 Pa. 160; Maguire v. Lees & Sons Co., supra), yet the evidence does disclose that the robbery had no relation to the employment of the deceased, and that he was not, at the time, in the course of his regular service. The hold-up was unconnected with the allotted duty of Cronin. His presence on the street after midnight, occasioned by his hours of service, gave convenient opportunity for its commission, but his employment was not the cause of the wrongful act. At the time of the injury he was no longer engaged in furtherance of the master's business. It follows, from what has been said, that no award can be made in the present case.

The judgment of the court below, and the award of the compensation board, are reversed, and judgment is here entered for defendant.