Lillian Haley, Appellant, *v.* City of Phila.

Argued October 4, 1932.

Before
TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM,
BALDRIGE, STADTFELD and PARKER, JJ.

*Thomas M. J. Regan,* for appellant.

*Paul DeMoll,* Assistant City Solicitor, and with him *David J. Smyth,* City Solicitor, for appellee.

OPINION BY STADTFELD, J., January 25, 1933:

This is a workmen's compensation case. The referee awarded compensation and on appeal the Workmen's Compensation Board affirmed the findings and award. The lower court reversed the findings and award of the board and entered judgment for the defendant. From said judgment this appeal was taken by claimant.

Lillian Haley, widow of W. E. Haley, claimed compensation from the City of Philadelphia as a result of her husband's death. It is claimed by defendant that the injury suffered was not in the course of employment and that is the sole question involved in this appeal. Whether, assuming the evidence to be true and drawing all the inferences therefrom in claimant's favor, it shows this fact affirmatively, is a matter of law: McGuire v. Lees and Sons Co., 273 Pa. 85; Krapf v. Arthur, 95 Pa. Superior Ct. 468. This makes necessary a consideration of the facts.

W. E. Haley was employed by the City of Philadelphia as an inspector of construction work. On the day of his death, July 22, 1930, decedent was assigned to work on a bridge in West Philadelphia. His duties on the job appear to have been completed some time before 4 P. M. He had however to prepare a report and mail it to his employer. These reports were made by mail,

ordinarily on a printed form which could be filled in in about two minutes. He left his work at 4 o'clock P. M. and was proceeding to his home in his own automobile when he met with an accident at Amber and Venango Streets, several miles from the bridge, as a result of which he died within forty-eight hours. He had with him at the time, blue prints, specifications, contract proposals, and a diary showing the work done each day on the job to which he was assigned. The inspectors generally prepared the reports at home because the shacks around the job were dirty, full of tools, etc. While it was the duty of decedent to make a report daily, he was not ordered by defendant to prepare it at home. The testimony of the only witness called on this point, Herbert J. Sowden, assistant engineer in charge of construction, is to the effect that the best place for writing up reports would be on the site of the work, while everything was fresh in the inspector's mind, but that many inspectors did make the reports at home because of the greater convenience; that after decedent left his job on that day, he was done so far as the city was concerned.

The facts are not in dispute. The sole question is whether under the facts stated, decedent received the injury which resulted in his death in the course of his employment. This must be determined under the language of Section 301, Article III, of the Workmen's Compensation Act of 1915 (P. L. 738), which so far as it is material to this controversy is as follows: ''The term 'injury by accident in the course of his employment' as used in this article ...... shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer whether upon the employer's premises or elsewhere.'' Was decedent actually engaged in the furtherance of the business or affairs of the Master at the time he was injured?

The custom of making out reports at home was neither expressly affirmed, nor dissented from by the City, but the practice when followed was voluntary on the part of the inspector as he was not required so to do.

Our Workmen's Compensation Law ordinarily does not apply to an employe during the time spent in going to and returning from his place of employment. Quoting from the opinion of the late Mr. Justice SADLER in the case of Cronin v. American Oil Co., 298 Pa. 336, 340: "When he left his working-place to go home, the liability of the employer to him as an employee ended, unless after departing from the premises he was incidentally performing some act for the master under his contract of service. The exception in such case is found where there is some special duty undertaken for and directed by the employer after the work is completed: Haddock v. Steel Co., 263 Pa. 120; Cymbor v. Binder Coal Co., 285 Pa. 440. It must not be an act done for the mere convenience of the employee, but by order of the master, express or implied: Fairbank Co. v. Industrial Commission, 285 Ill. II, 120 N. E. 457. Unless such circumstances appear, his employment ends when he starts home from the premises (Palko v. Taylor-McCoy Coal and Coke Co., 289 Pa. 401; Maguire v. Lees Sons & Co., supra; Spizzirri v. Krouse, 73 Pa. Superior Ct. 476), and does not continue thereafter, while on the way to his residence: Bossard v. Nallin & Jennings Park Co., 93 Pa. Superior Ct. 301. The mere fact of employment is not enough to justify an award of compensation, for the injury must be inflicted while engaged in the course of it: Shoffler v. Lehigh Valley Coal Co., 290 Pa. 480."

The case referred to is controlling under the facts of the instant case. Claimant has failed to establish that the making out of the said postal card at home, or the mailing therefrom was done either at the definite di-

rection or with the expressed approval of the defendant. During the time he was going home, he was not furthering the business or affairs of his employer, and consequently was not under the protection of the Workmen's Compensation Law. This conclusion is in conformity with the case of Palko v. Taylor-McCoy Coal and Coke Co., 289 Pa. 401 where the term "Course of employment" is defined in an exhaustive opinion by Mr. Justice KEPHART, wherein he says, p. 404: "...... The term......has a necessary relation to the fact of employment while on the premises and a still closer relation to the fact of employment when an injury occurs off the premises. In the latter case, the employee must be actually engaged in his master's business. Our prior decisions show that, in each instance where compensation was allowed for accidental injuries, occuring off the premises, the facts warranted the conclusion that the employee sustained his injuries while actually engaged in the performance of some as yet incompleted business of his employer."

The case was properly disposed of by the lower court. The assignments of error are overruled and judgment affirmed.