## Krchmar *v.* Oakland Beach Company, Appellant.

Argued April 12, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Stuart A. Culbertson,* for appellant.

*Fred C. Kiebort,* of *Humes & Kiebort,* with him *John H. Bozic,* for appellee.

OPINION BY HIRT, J., July 19, 1944:

Claimant, father of Mary Ann Krchmar, was partially dependent upon her for support. At the time of her death, from accident, she was an employee of the defendant company. The question in this compensation proceeding was whether she was actually engaged in the furtherance of the business of her employer at the time of the fatal injury. Section 301 of the Act of June 2, 1915, P. L. 736, as amended June 21, 1939, P. L. 520, 77 PS 411. The referee, concluding that the injury occurred during the course of the employment, made an award which was set aside by the board on substituted findings of fact. The court reversed the board and reinstated the award. The judgment entered upon it will be reversed.

In the operation of a summer resort hotel at Conneaut Lake defendant employed decedent over a period of years. Although her duties were varied there is no dispute as to the scope of her employment. She acted as secretary to the manager and kept the books. She handled the petty cash account and at times acted as cashier. At the height of the season she was active

in the management of the dining room, hiring and discharging the employees; she arranged for conventions at the hotel and assisted the manager in performing other like services. The hotel was open each year from about the middle of May until early in September. For all of these services decedent received a salary of $80 per month in addition to board in the dining room during the open season, and lodging in a room in the hotel. When the hotel closed shortly after Labor Day in 1940 decedent remained for the purpose of closing defendant's books for the season and to receive the daily receipts of the golf course which was still in operation. Two other employees continued to live in the hotel— the manager and an engineer. The cash salary of each of them was continued but in lieu of board which had been supplied by defendant at the hotel when in operation, all three employees by agreement were authorized to secure board for themselves at the expense of the hotel. At about 5 P. M. on November 15, 1940, decedent drove her automobile to a market in Conneaut Lake Borough and there bought fish and grapes, on the credit of defendant, intending to use them in preparing the evening meal for herself and the other two employees. With these supplies in her car, she proceeded in the direction of the hotel. On the way, her car was struck by a truck; she was seriously injured and died the same day. The referee, referring to the above facts in his findings, also found that decedent's duties included planning and preparing meals for the remaining hotel employees and concluded that "she was actually engaged in furthering the business or affairs of the defendant" when injured. The board set aside the finding and in part substituted the following: "The ...... remaining employees took turns *as their personal convenience dictated* in getting food on the hotel's credit and cooking it for their own purposes." Upon this finding the board concluded that decedent "came to her

death by accidental injury *outside* of the scope of her employment." (Italics added). The award was set aside accordingly. The court reversed, on the ground that the evidence was insufficient to support the finding and conclusion of the board.

Certainly, the court was without authority to substitute its finding, insofar as it involved questions of fact, for that of the board (*Powell v. Hills Garage et al.*, 150 Pa. Superior Ct. 17, 27 A. 2d 773) or to reinstate a finding of fact of the referee for, as indicated in *Hudek v. United Eng. & Fdy. Co. et al.*, 152 Pa. Superior Ct. 493, 33 A. 2d 41, that finding ceased to have any force and effect when set aside by the board.

The ultimate answer to the question whether an employee came to his death either within or outside the course of his employment rests upon a finding of fact as well as a conclusion of law and on the latter aspect is reviewable by the courts. *Callihan v. Montgomery*, 272 Pa. 56, 115 A. 889. "In each instance the question of law is presented as to whether or not the underlying findings of fact are sufficient to bring the case within the statutory definition; but this, however, does not warrant any interference by the courts with those findings, whether they be based on proved facts or inferences therefrom": *Flucker v. Carnegie Steel Co.*, 263 Pa. 113, 106 A. 192. No formula has been developed which may be applied to all cases in resolving that issue of law, even where the facts are not in dispute. *Titus v. S. E. Sostmann & Co. et al.*, 133 Pa. Superior Ct. 201, 2 A. 2d 580.

In general, where the accident occurs off the premises of the employer, the proofs must establish that the employee was actually engaged in furthering the business of the employer at the time of the injury. *Palko v. Taylor-McCoy Coal & Coke Co. et al.*, 289 Pa. 401, 137 A. 625. Otherwise, if the act in which the employee was engaged when injured off the premises was not

connected with the employer's business, it must appear that the employer ordered or directed the act. Merely permitting the employee to do the act without directing or ordering its performance will not support an award. *Gibson v. Blowers Paint Serv. et al.*, 140 Pa. Superior Ct. 216, 14 A. 2d 154. In the absence of a positive direction or order, we have held, even where the service is a part of the contract of employment, that there can be no recovery where the employee is injured while *voluntarily* performing the service off the premises after working hours. *Haley v. City of Phila.*, 107 Pa. Superior Ct. 405, 163˙A. 917. Cf. *Cronin v. American Oil Co.*, 298 Pa. 336, 148 A. 476.

In our view of the uncontradicted evidence, the compensation board properly refused compensation in this case. Defendant did not restrict any of the three employees as to the method of obtaining board nor direct them to prepare their own meals. Each was free to eat at a restaurant of his selection or to use any other facilities, including those of the hotel, in preparing food. They all "ate out quite a good bit" but for the most part, as a matter of convenience, prepared their own meals at the hotel. On different occasions each bought food supplies and any one of them, who was free, did the cooking. Decedent however prepared most of the meals for herself and the others, but wholly from choice. The arrangement was described by the manager as a voluntary "self service proposition." Defendant's obligation was merely to pay the cost of decedent's board; supplying the actual food had ceased to be a part of its business or its undertaking, with the closing of the hotel. The allowance for board in reality was but an additional pay allowance for the clerical services which decedent was to perform. The act, in which decedent was engaged when injured, was permitted by the defendant but was not required under the terms of the existing contract of employment nor was it directed by

the employer, and the circumstances are insufficient to raise such order or direction by implication.

Since the ultimate finding of the board rested upon inferences fairly deducible from proven facts the court was without authority to reverse the order. *Paulin v. Williams & Co. et al.,* 327 Pa. 579, 195 A. 40.

Judgment reversed and directed to be entered for defendant.