## Coleman *v.* Fischer et al., Appellants.

262

Argued November 10, 1948. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross, Arnold and Fine, JJ.

*James J. Burns, Jr.,* for appellants.

*Fred J. Jordan,* with him *H. L. Abrams, Herbert Jacobson* and *Jordan & Jordan,* for appellee.

Opinion by Fine, J., January 14, 1949:

The only question in this compensation case is whether the claimant, although off the premises, was actually engaged in the furtherance of the business of his employer when injured. The referee, concluding the injury occurred during the course of employment, made an award which was affirmed by the board and by the

court below. The employer and the insurance carrier have appealed from the judgment on the compensation award. We will summarize such of the uncontradicted facts as are relevant to the disputed question.

James N. Coleman, claimant, on November 19, 1945, was employed as a mechanic by F. J. Fischer, doing business as Fischer Garage in Perrysville, Pennsylvania. His regular hours of employment were from 8:30 a.m. to 5:30 p.m. During the evenings he usually worked at the Airways Garage, immediately adjoining appellant's garage. On November 19, 1945, about noon, claimant walked to the grocery store of Joseph C. Haas, approximately one-half mile from appellant's garage to make a purchase. At that time Haas requested claimant to take his automobile to the Fischer Garage for regular state inspection. Claimant obliged and the car was duly inspected during that afternoon by Fischer. The same evening at 5:30 p.m., as Coleman was about to leave the garage, Fischer took the keys to the Haas car off a hook upon which keys to inspected cars were usually placed, handed Coleman the keys and stated: "Don't forget you got to take this car down." The Haas automobile was parked along the highway directly across from appellant's garage. Claimant accepted the keys from Fischer, took his mechanic's tools and left appellant's premises. He intended to go to his home almost directly across the highway from Fischer's garage and to there deposit the tools before returning the Haas car to its owner. When half way across the highway, he was struck by an automobile and sustained serious injuries.

The referee and the board found that: ". . . F. J. Fischer, handed to the Claimant, James N. Coleman, the automobile keys of Joseph C. Haas whose automobile had been that day inspected at the garage of the Defendant, and reminded the Claimant that the automobile of the said Joseph C. Haas was to be returned to him at his place of business; subsequent to receiving the keys

from his employer and while in the act of returning his mechanic's tools to a place of safety for the night, and in the opinion of your Referee during the course of his employment with the Defendant, the Claimant was struck by an automobile, receiving a fracture of the tenth rib on the left side, a fracture of the lower left radius and ulna; a compound comminuted fracture of the left fibula and tibia; and numerous other lacerations, all of which rendered him totally disabled, which total disability continued to the date of the last hearing in this matter and will continue, in the opinion of your Referee, for an indefinite period in the future, which your Referee finds as facts." Stating the referee should have so found, the board made the following additional finding of fact: "That the accident, in which the claimant was injured, occurred on the public highway off the premises of the defendant employer, while the claimant was crossing the highway in possession of the keys to an automobile which he was about to deliver according to the directions of his employer and while he was carrying his tool kit to his home nearby."

Appellants, relying upon *Wimmer v. Upper Saucon Township School District,* 116 Pa. Superior Ct. 553, 176 A. 840, and *Lillian Haley v. City of Phila.,* 107 Pa. Superior Ct. 405, 163 A. 917, contend that Coleman at the time of the accident was not "actually engaged in the furtherance of the business or affairs of the employer . . ." for the reasons that: (1) Coleman was a volunteer; (2) he was engaged in an independent mission for Haas, a third party; and (3) the employer's statement, "Don't forget you got to take this car down," as he handed claimant the keys to the car, was not evidence of a *direction* on the part of the employer which imposed upon Coleman an obligation to deliver the car to Haas, but, at most, a suggestion that the same be done. These contentions cannot be sustained.

The car was taken by the claimant at the request of Haas to the Fischer Garage where Fischer made the requested inspection for which the latter was paid. Fischer himself testified: "When I got the car, we took the keys out of the car and put them on a hook. When it was time to go home, I got the keys off the hook—I said: 'Don't forget you got to take this car down.' Q. . . . you handed him the keys and told him not to forget the car was to be returned . . .? A. That's right." Fischer testified further: "Q. Why did you give the keys to Mr. Coleman when you closed up the garage that night? A. Because he had the car to deliver." Appellants revealed that upon prior occasions mechanics would call for and deliver cars.

Whether there is evidence to sustain the findings of the board that claimant's injuries occurred in the furtherance of his employer's business is a question of law. If, from the testimony adduced, facts have been fairly found by the board they will not be disturbed, notwithstanding that independent consideration by this Court might have resulted in different findings. *Moore v. Hunt Mining Company,* 163 Pa. Superior Ct. 94, 99, 60 A. 2d 560; *Lambing v. Consolidation Coal Co.,* 161 Pa. Superior Ct. 346, 54 A. 2d 291. "The ultimate answer to the question whether an employee came to his death either within or outside the course of his employment rests upon a finding of fact as well as a conclusion of law and on the latter aspect is reviewable by the courts. Callihan v. Montgomery, 272 Pa. 56, 115 A. 889. 'In each instance the question of law is presented as to whether or not the underlying findings of fact are sufficient to bring the case within the statutory definition; but this, however, does not warrant any interference by the courts with those findings, whether they be based on proved facts or inferences therefrom': Flucker v. Carnegie Steel Co., 263 Pa. 113, 106 A. 192": *Krchmar v. Oakland Beach Co.,* 155 Pa. Superior Ct. 430, 433, 38 A. 2d 710. "No

general formula has been developed which will enable us to determine readily whether an accident off the premises occurred in the course of employment even though the elementary facts are not in dispute. Experience has shown that many cases involving this question must be disposed of on their own peculiar facts and the question is frequently, as it is here, a reasonably close one": *Healey v. Hudson Coal Co.*, 130 Pa. Superior Ct. 462, 464, 465, 198 A. 684. As stated in *Lemmon v. State Workmen's Insurance Fund*, 164 Pa. Superior Ct. 254, 63 A. 2d 684: "In resolving that difficulty we must review the evidence in the light most favorable to the claimant for whom the compensation authorities have found (Hockenberry v. State Workmen's Insurance Fund, 133 Pa. Superior Ct. 249, 2 A. 2d 536) and give him the benefit of every inference reasonably deducible therefrom. Paulin v. Williams & Co., 122 Pa. Superior Ct. 462, 186 A. 415; Schubert v. Oswald & Hess Co., 161 Pa. Superior Ct. 309, 54 A. 2d 113."

Was the claimant on the errand of, or about to perform some uncompleted business of his employer; in other words, was he actually engaged in the furtherance of the latter's business or affairs at the time of the injury? Was he about to deliver the Haas car voluntarily or because of the direction and at the request of Fischer? "The mere fact of employment is not enough to justify an award of compensation, for the injury must be inflicted while engaged in the course of it: Lillian Haley, Appellant, v. City of Phila., 107 Pa. Superior Ct. 405, 163 A. 917; Shoffler v. Lehigh Valley Coal Co., 290 Pa. 480, 139 A. 192. The term 'course of employment' is defined in an exhaustive opinion by Mr. Justice KEPHART in the case of Palko v. Taylor-McCoy Coal & Coke Co., 289 Pa. 401, 137 A. 625, wherein he says, p. 404: 'The question for us to determine is whether the deceased was killed in the course of employment or when actually engaged in furthering the business of the

employer while off the premises... The act specifically requires an employee to be *actually* so engaged if he is injured while off the employer's premises: Maguire v. James Lees & Sons Co., 273 Pa. 85. . . . The term "course of employment" has a necessary relation to the fact of employment while on the premises and a still closer relation to the fact of employment when an injury occurs off the premises. In the latter case, the employee must be actually engaged in his master's business.' ": *Cohen v. Cen. Home Furn. Co.*, 146 Pa. Superior Ct. 499, 502, 23 A. 2d 70.

The liability of the employer to his employe ends when the latter leaves his working place, unless, after departing the premises, he was incidentally performing some act for the employer under his contract of service or unless he was undertaking some special duty after his regular work was completed as directed by his employer: *Cronin v. American Oil Co.*, 298 Pa. 336, 148 A. 476.

Applying the foregoing principles in evaluation of the evidence, we are satisfied that the findings of the compensation authorities are sustained by sufficient competent evidence. The uncontradicted testimony shows that at the time claimant was injured off the premises he had not yet completed his duties to his employer. Claimant was not off appellant's premises solely for the purpose of returning his tool kit to his home; he was crossing the highway on a matter directly and most intimately connected with and in furtherance of his employer's business. Cf. *Fritsche v. O'Neill*, 147 Pa. Superior Ct. 153, 24 A. 2d 131. When injured the claimant was on a mission at the direction and request of his employer to deliver Haas' car, which act was in aid of and to the interest of his employer's business.

Fischer's intention, deducible from his instructions to the claimant, when handing to the latter the keys to the Haas car, clearly supports the conclusion that Fischer

requested and directed claimant to deliver the inspected automobile to Haas. The claimant was therefore acting for all practical purposes under the orders of his employer and was carrying out the assigned mission, at the employer's request and direction, as he proceeded to deliver the car to Haas. Claimant's actions were not those of a mere volunteer, for his own convenience, nor as his courtesy to Haas; they represented the normal conduct of an employe performing obligations imposed by an employer. As stated in *Zapos v. Demas,* 106 Pa. Superior Ct. 183, 189, 161 A. 753: "We are of opinion, upon a careful consideration of all the facts, that the service in which [claimant] was engaged at the time of his accidental injury was such an incidental errand, and so closely related to the general business and affairs of his employer, that a proper application of the law to the established facts results in the conclusion that he was within the course of his employment to such an extent as to render his employer and the insurance carrier liable for compensation to [him]. This was not a personal or roving errand disconnected from the business of the employer, but the performance of a duty which, we think, was within the risk undertaken by the insurance carrier."

Judgment affirmed.