## Lauer *v.* Citizens Lumber and Supply Co., Appellant.

Argued November 14, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Robert C. Haberstroh,* with him *Shettig & Swope,* for appellants.

*A. A. McDonald,* with him *Myers & McDonald,* for appellee.

OPINION BY ARNOLD, J., January 17, 1952:

In this workmen's compensation case the Board found that claimant's husband was off the premises of the employer but in the course of his employment and in the furtherance of the employer's business, and awarded compensation.[1] The court below affirmed and defendants appeal.

Claimant's husband, Merle Lauer, had been in the employ of the defendant for 25 years. He was a "handy man" and his duties, in addition to those of doing work on specified jobs, included the solicitation of orders for materials and work on behalf of his employer. The evidence establishes that the decedent was practically a semi-foreman for the defendant, and that he worked virtually upon his own time.

On the day of his death decedent had directions from his foreman to hang a door at the residence of one McFadden, and to aid other employes to hang a storm door in a hotel, but he was not directed by the foreman actually to do the work himself. Decedent was on the hotel job some 15 or 20 minutes. Thereafter a storm door was delivered at the McFadden house but Mrs. McFadden was unable to state who delivered it because she did not answer the door bell.

At about 3:00 P.M. of the same day decedent went to the place of business of Guy Tirabassi, trading as the Central Tavern. He was in his work clothes and carried a carpenter rule in his pocket. He there had two small drinks of whisky and then engaged Tirabassi in conversation, in an effort to get him to reinstate an order for doors on his garage,—which order he had previously given and cancelled because defendant could not obtain the hardware. The solicitation by the dece-

---

[1] As provided in the Act of 1915, P. L. 736, as amended, 77 PS §411.

dent was successful, since he could tell Tirabassi that the hardware was now obtainable. Immediately there-after decedent left the tavern by a stairway leading to the ground. On this stairway he fell and suffered an accident resulting in death. There is no testimony that he was intoxicated. When he solicited and obtained the order, his employment did not end, for he had the duty to report at 5:00 p.m. to his employer and set forth what he had done during the day.

We agree that he was engaged in the business of his employer.[2]

Nor is the ultimate result affected by the fact that he drank in the tavern of a man whom he solicited for an order. Such is frequently a method of obtaining the goodwill of the person solicited, and the cultivation of an intended customer's goodwill by a salesman does not destroy his right to compensation for injuries sus-tained.[3]

The finding of the facts and the inferences there-from were for the board, which found that the decedent solicited the order from Tirabassi in the interest of the defendant. He was therefore injured in the course of his employment, even though off the premises of the em-ployer.

Judgment affirmed.

---

[2] Cf. *Chase v. Emery Manufacturing Co.*, 271 Pa. 265, 113 A. 840.

[3] See *Chase v. Emery Manufacturing Co.*, supra.