Miller *v.* Greene County, Appellant.

Argued April 22, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*Frank R. Crow, Jr.*, with him *Thomas R. Balaban* and *Henderson, Parshall & Crow*, for appellants.

*John J. Hook, Jr.*, with him *Scott & Hook*, for appellee.

OPINION BY GUNTHER, J., July 17, 1952:

In this workmen's compensation case the single question for determination is whether Earl Miller, claimant, although off the employer's premises, was injured in the course of his employment. The referee made an award of compensation, but the Board reversed the referee and denied compensation. Claimant's appeal was sustained by the court of common pleas and judgment entered on the award of compensation. The employer and its insurance carrier have appealed.

The facts, which are not in dispute, disclose that claimant was employed by the County of Greene as a common laborer at the Greene County Airport. His duties consisted of cutting brush, building fences, digging post holes, etc. The tools available and furnished by the employer did not suit claimant because they were not sharp enough and accordingly claimant furnished his own tools consisting of two axes, a mattock, a posthole digger and wire stretchers. Each evening claimant would carry some of these tools home and the remainder he left at the airport. In his cellar, he had an emery wheel and it was his custom to repair and sharpen his tools on this emery wheel. On May 27, 1949, a few minutes before 8 a.m., his reporting time, claimant was sharpening his mattock when a defective floor board caused him to fall against the emery wheel and injure the index finger on his left hand. He went to work with the finger bandaged, but later infection set in and subsequently it was found necessary to amputate the finger.

The Board, in its opinion denying compensation, stated: ". . . the term 'course of employment' has a necessary relation to the fact of employment on the premises and a still closer relation to the fact of employment when an injury occurs off the premises (Palko vs. Taylor-McCoy Coal & Coke Co., 289 Pa. 401).

In accordance with that principle there must be more certain proof that the activity at the time of injury was in furtherance of the master's business when it is sustained off the premises. In this phase of the issue we find in the record no evidence that the defendant took any stand one way or the other as to the use of the claimant's tools or their conditioning in his home. Then, too, there is the inescapable inference to be drawn that a workman gives proper care to his own tools for his own purposes. In this connection it is pertinent to note that the work in prospect for the day on which the injury occurred was to be done with the defendant's manure spreader and not with the claimant's tools."

The court below, in its opinion reversing the Board, stated that: "The claimant, an unskilled laborer, should not be placed in the same category with carpenters, mechanics, miners and other skilled mechanics and artisans required by custom and trade to furnish their own tools. It has been our observation and experience that unskilled laborers never furnish their own tools, let alone be required to keep the same in condition. In this case, there must have been a reason why the County of Greene followed a different course, insofar as this claimant was concerned. Everything the claimant did by furnishing his tools and keeping them sharp was for the sole benefit of the defendant. In fact, the claimant by sharpening the tools at his home, saved time and money for the county, especially since it did not have facilities for keeping the same sharp at the airport, and the further fact that the only other place to sharpen the tools would have been in the Borough of Waynesburg. The defendant employer having knowledge of what was going on, and having permitted the claimant to sharpen these tools, cannot now claim that he was outside of the scope of his employment in so doing."

In *Palko v. Taylor-McCoy Coal & Coke Co.*, 289 Pa. 401, 137 A. 625, the court, in discussing the phrase "course of employment" said: "The term 'course of employment' has a necessary relation to the fact of employment while on the premises and a still closer relation to the fact of employment when an injury occurs off the premises. In the latter case, the employee must be actually engaged in his master's business".

Where, as here, injuries were sustained off the premises of the employer, compensation has been granted where it is established that the act causing injury was specifically directed or ordered by the employer: *Taylor v. Ewing*, 166 Pa. Superior Ct. 21, 70 A. 2d 456; *Gibson v. Blowers Paint Service*, 140 Pa. Superior Ct. 216, 14 A. 2d 154; *Krchmar v. Oakland Beach Co.*, 155 Pa. Superior Ct. 430, 38 A. 2d 710, or the conduct involved was required or necessary to complete a job undertaken on the employer's behalf: *Combs v. Cole Brothers Circus, Inc.*, 165 Pa. Superior Ct. 346, 67 A. 2d 791; *Coleman v. Fischer*, 164 Pa. Superior Ct. 261, 63 A. 2d 687; *Lauer v. Citizens Lumber & Supply Co.*, 170 Pa. Superior Ct. 352, 85 A. 2d 609.

The act causing injury in this instance falls into neither of these categories. They were not necessary or required in order to accomplish claimant's daily chores, nor did the employer in any sense direct or even request him to perform them. Further, "Merely permitting the employe to do the act without directing or ordering its performance will not support an award. . . . In the absence of a positive direction or order, we have held, even where the service is a part of the contract of employment, that there can be no recovery where the employe is injured while *voluntarily* performing the service off the premises after working hours": *Krchmar v. Oakland Beach Co.*, supra,

p. 434. Cf. *Haley v. City of Philadelphia*, 107 Pa. Superior Ct. 405, 163 A. 917.

That the employer may have known of and acquiesced in claimant's sharpening his tools off employer's premises is not determinative, nor is any incidental benefit to defendant. The injury must occur while the employe is engaged in the course of his employment and in the furtherance of his master's business. To fall within this requirement where an accident occurs off the premises of the employer, it must appear that the injury was sustained while doing an act necessary to further the employer's business or be done at the employer's direction or order. Though claimant's diligence is laudable, it cannot support an award.

Judgment reversed and directed to be entered for defendant.