## Rybitski, Appellant, *v.* Lebowitz.

Argued March 1, 1954. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*A. Floyd Vosburg,* with him *Karl H. Strohl* and *Edward Yawars, Jr.,* for appellant.

*David J. Conroy,* with him *James W. Scanlon,* for appellee.

OPINION BY WRIGHT, J., April 15, 1954:

This is a workmen's compensation case. Following the death of her husband, Ceil Rybitski filed a claim petition on behalf of herself and minor children. The fatal accident admittedly occurred off the employer's premises. The Referee dismissed the claim petition on the ground that the decedent was not injured in the course of his employment, not having been actually engaged in the furtherance of the business or affairs of the employer. See Act of 1915, P. L. 736, §301(c), 77 P.S. §411. The decision was affirmed by the Board and by the Court of Common Pleas, and judgment was entered for the defendant. This appeal followed.

Joseph Rybitski was employed by the defendant in the manufacture of metal polishes. He worked from nine a.m. to five p.m. His principal duty was the mixing and cooking of the formula. While it was necessary to watch the mixture constantly while it was cooking, by reducing the heat it was possible to leave the process for short periods. The manufacture of the quota of polish for the day was usually completed by

two or two-thirty o'clock in the afternoon, at which time decedent would leave the premises for lunch. After returning from his lunch, decedent would spend the balance of the day at various other tasks including loading and unloading, driving trucks, and occasionally acting as chauffeur for his employer's wife. It was customary for decedent to have coffee at twelve o'clock. Sometimes he would go out for the coffee himself. On other occasions a fellow employe would get it for him. After the coffee was obtained, it was consumed on the premises. On November 14, 1951, decedent was requested to drive the employer's wife to Olyphant at three o'clock p.m. About noon decedent turned down the heat under the vats and went to Harding's Diner, a restaurant some 650 feet distant from the employer's premises and the customary place for decedent to obtain coffee and also to eat his lunch. Decedent purchased a bottle of coffee and two tea biscuits, and started to return by a short cut over private property. While crossing the Lackawanna & Wyoming Valley Railroad tracks, he was crushed between two freight cars, sustaining the injuries from which he died.

Whether the decedent was in the course of his employment when fatally injured is a question of law: *Hadfield v. American Society of Composers, Authors & Publishers,* 174 Pa. Superior Ct. 394, 101 A. 2d 423. In resolving that issue, there is no formula which may be applied to all cases: *Coleman v. Fischer,* 164 Pa. Superior Ct. 261, 63 A. 2d 687. Where the injury occurs off the premises of the employer, compensation may not be awarded unless the employe was actually furthering the employer's business: *Lints v. Delaware Ribbon Manufacturers,* 173 Pa. Superior Ct. 540, 98 A. 2d 643. It must appear that the act in which the employe was engaged was done by order of the employer, express or implied, and not simply for the convenience of the employe: *Titus v. Sostmann & Co.,* 133

Pa. Superior Ct. 201, 2 A. 2d 580. Proof merely that the employe was permitted to do the act will not support an award: *Krchmar v. Oakland Beach Co.*, 155 Pa. Superior Ct. 430, 38 A. 2d 710.

Appellant's contention is that, in order to comply with the request to act as chauffeur for his employer's wife that afternoon, it was necessary for decedent to advance his usual lunch period, and that going out for lunch early and while the manufacture of the polish was still in progress did not constitute a departure from the employment. This contention is based upon assumptions of fact not found by the Board, nor supported by the evidence. The testimony warrants the conclusion that decedent was to make the trip to Olyphant after eating lunch at his regular time, and that he was actually not observing an earlier lunch period, but was merely taking his usual coffee break. Even if we assume that decedent was securing his lunch at the time of the fatal accident, his death would not be compensable.

In *Palko v. Taylor-McCoy Coal & Coke Co.*, 289 Pa. 401, 137 A. 625, after decedent's regular work was finished, he was instructed to perform extra work for which he was to be paid extra wages on an hourly basis. Before commencing the extra work decedent started home for breakfast, intending to return, and was killed on the way. In affirming the denial of compensation, Mr. Justice (later Chief Justice) KEPHART pointed out that the term "course of employment" included intervals of time interspersed in regular working hours for refreshment on the premises, but clearly indicated that this rule does not apply to similar periods off the premises.

In *Boal v. State Workmen's Insurance Fund*, 127 Pa. Superior Ct. 237, 193 A. 341, claimant was injured off the premises while returning from his lunch. In affirming the denial of compensation Judge JAMES

used the following language which is particularly appropriate here: "Claimant's duties contemplated that his work was to be performed in the building occupied by his employer. Although his work was such that it did not require his constant application and continuous presence, the general permission, to do whatever he pleased, did not authorize him to leave the premises for his own purposes and still remain in the course of his employment. When he left the premises, selecting his own place to lunch, with the express or implied consent of his employer, his employment ceased and he was then engaged on a personal mission, which had no relation to the business in which his employer was engaged. From the time of his departure until he returned to his place of employment, he was not 'within the course of his employment' as contemplated by the compensation act: Freeman v. Salem Reformed Church, 125 Pa. Superior Ct. 367, 190 A. 159. His status is not affected because he was permitted to select his own lunch hour, nor is it any different from that of any employee who has a fixed time for lunch. That such refreshments are a necessity and, undoubtedly, fit the employee for the performance of his work, cannot be denied; his leaving the premises, however, was a matter that was purely personal to him and bore no relation to the duties which he was required to perform. Although claimant's hours of employment were from 7 P.M. to 7 A.M., which included a lunch period, it is clear that during such lunch period if off the employer's premises the employee was not engaged in any mission or errand on behalf of his employer, and consequently not 'actually engaged in the furtherance of his employer's business' ".

In the case at bar, decedent's mission off the premises at the time of his injury, whether for coffee or for lunch, was not necessary or required in the course of his employment, and was not in the furtherance of the

employer's business. While decedent may have been permitted to do the act, there was no order or direction that it be performed. The employer is therefore not liable for compensation. See *Miller v. Greene County,* 171 Pa. Superior Ct. 494, 90 A. 2d 262.

Judgment affirmed.