## Spry *v.* Polt, Appellant.

Argued March 27, 1958. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Lester R. Male,* for appellant.

*Milford J. Meyer,* for appellee.

OPINION BY WRIGHT, J., June 11, 1958:

In this workmen's compensation case, claimant's decedent was fatally injured while operating his truck on the public highway. Finding that, at the time of the accident, decedent was engaged in furthering his employer's business, the Referee made an award, which was affirmed by the Board. Upon appeal to the Court of Common Pleas, a decree was entered affirming the decision of the Board. This appeal followed. The factual situation appears in the following excerpt from the opinion of the Board:

"The decedent was employed as a plumber by defendant at an average wage of $68.00 per week, and he had been so employed by defendant for about 6½ years as a service and maintenance man. This job made it

necessary for him to cover a territory with a radius of about 35 miles of defendant's premises. In addition to working a regular shift decedent was subjected to 24 hour call. In order to facilitate this arrangement, decedent was required to provide his own truck which had to be prepared to answer emergency calls day and night. In addition to his hourly rate as a plumber, defendant paid him 12 cents a mile for the use of his truck. There were five other employees of defendant who worked under the same arrangements.

"On the date in question, March 10, 1956, decedent and a fellow employee, Leon Reed, had been sent on a job about 12 miles distant from defendant's office. Upon completion of said job and while enroute back to defendant's plant, decedent had tire trouble and it was necessary to change it. After reaching the plant, he left Leon Reed off and was instructed to put away the equipment that was on his truck. This was about 11:30 a.m. Before he did anything else, decedent went to Kiegler's Gas Station in order to replace the tire that had been damaged earlier in the day. Kiegler did not have the tire decedent wanted . . . Decedent left and, while traveling south in the direction of employer's plant and his home, he met with the fatal accident at about 11:40 a.m. . . . .

"The evidence adduced at the hearing showed the above recited facts and that decedent had used Kiegler's Gas Station for the upkeep of his truck. It also disclosed that decedent was carried on the payroll until noon".

While the question whether a decedent was in the course of his employment when fatally injured is one of law, there is no formula which may be universally applied : *Rybitski v. Lebowitz*, 175 Pa. Superior Ct. 265, 104 A. 2d 161. Many cases involving this question must be disposed of on their own peculiar facts and the

question is frequently a reasonably close one: *Susman v. Kaufmann's Department Store*, 182 Pa. Superior Ct. 467, 128 A. 2d 173. The mere circumstance that an employe is not actually performing work at the instant he is injured is not controlling so long as he is occupying himself consistently with his contract of employment and in a manner reasonably incidental thereto: *Keim v. Burkholder*, 182 Pa. Superior Ct. 460, 127 A. 2d 752. We deem it unnecessary to cite supporting authority for the well established propositions that (1) the Workmen's Compensation Act is a remedial statute and is to receive a liberal construction; (2) findings of fact by the compensation authorities, if supported by the evidence, are binding upon the appellate court; and (3) on appeal from an award the evidence must be viewed in the light most favorable to the claimant.

Appellant contends that the decedent had finished work for the day, had left his employer's place of business, and was engaged "on a personal errand". However, the keeping of his truck in readiness was part of decedent's employment contract. The noon hour had not yet arrived, the equipment on the truck had not yet been unloaded, and the compensation authorities drew the reasonable inference that decedent was on his way back to his employer's place of business. The activity in which decedent was engaged at the time of the accident was not so foreign to and removed from his usual employment as to constitute an abandonment thereof. See *Combs v. Cole Brothers Circus*, 165 Pa. Superior Ct. 346, 67 A. 2d 791.

In his well considered opinion for the court below, President Judge BODIE makes the following comment: "In the present case the defendant employer, Bernard J. Polt, testified that Robert Spry was required to use his own truck and to keep it in good condition at all

times so that they may maintain twenty-four hour service, and that he might be called out at any time of day or night and would use his own truck to make such service calls. The employer also stated in a letter to the Nationwide Mutual Insurance Company, his insurance carrier, that at the time of the accident the decedent was on the payroll until noon and that he was doing something in connection with his work as an employee when injured".

Many awards have been sustained upon less conclusive evidence. In *Green v. Heistand Bros.*, 103 Pa. Superior Ct. 515, 157 A. 44, a salesman was killed in his garage while working on his car. We approved an award on the ground that decedent was repairing an instrumentality necessary to the proper rendition of the services required of him by his employer. See also *Beaver v. Boyd Co.*, 106 Pa. Superior Ct. 24, 161 A. 900; *Beck v. Ashton*, 124 Pa. Superior Ct. 307, 188 A. 368; *Hohman v. Soffel*, 354 Pa. 31, 46 A. 2d 475; *Coleman v. Fischer*, 164 Pa. Superior Ct. 261, 63 A. 2d 687; *Hadfield v. American Society of Composers, Authors & Publishers*, 174 Pa. Superior Ct. 394, 101 A. 2d 423; *Kramer v. Philadelphia*, 179 Pa. Superior Ct. 129, 116 A. 2d 280. The factual situations in the cases cited by appellant[1] are readily distinguishable from that in the case at bar, wherein decedent was a traveling employe who sustained his fatal injuries during working hours, and while performing a duty required

---

[1] *Smith v. Frederick Investment Co.*, 152 Pa. Superior Ct. 534, 33 A. 2d 510; *Lints v. Delaware Ribbon Manufacturers*, 173 Pa. Superior Ct. 540, 98 A. 2d 643; *Eberle v. Union Dental Co.*, 390 Pa. 112, 134 A. 2d 559; *Cronin v. American Oil Co.*, 298 Pa. 336, 148 A. 476; *Poffinberger v. Martin Co.*, 83 Pa. Superior Ct. 524; *Stevens v. Parker Co.*, 108 Pa. Superior Ct. 520, 165 A. 665; *Krchmar v. Oakland Beach Co.*, 155 Pa. Superior Ct. 430, 38 A. 2d 710; *Miller v. Greene County*, 171 Pa. Superior Ct. 494, 90 A. 2d 262.

of him by reason of his employment and in furtherance of his employer's business.

The appeal is dismissed, and the record is remitted to the court below for the entry of a judgment in favor of the claimant. As so entered, the judgment is affirmed. See *Miller v. Pittsburgh Coal Co.*, 77 Pa. Superior Ct. 51.