## Rothkugel *v.* Central Motor Parts Company et al., Appellants.

Argued March 26, 1958. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Joseph F. May,* for appellants.

*David N. Rosen,* for appellee.

OPINION BY WATKINS, J., June 11, 1958:

This is an appeal in a workmen's compensation case. The referee found that the claimant suffered a 40% partial disability as a result of a compensable injury and awarded compensation accordingly. The Workmen's Compensation Board affirmed the referee's award and the Court of Common Pleas No. 1 of Philadelphia affirmed the board and dismissed the appeal.

Harry E. Rothkugel, the claimant appellee sustained bruises and cuts of the great and two adjoining toes of the left foot, fracture of one toe, and inflammation and swelling of the knee when while in the course of his employment on January 25, 1955, a generator weighing about thirty pounds fell on his left foot.

By agreement the claimant was paid compensation for eighteen and six-sevenths weeks and signed a final receipt on August 16, 1955. He had been under treatment and examination by appellant's physician, from the time of the accident almost to the date of the hearing on February 21, 1957. Surgery had been performed for the removal of a torn medial meniscus from his left knee on June 13, 1955. He worked a total of 9 weeks sporadically from August, 1955 to the date of the hearing.

The claimant filed this petition for reinstatement of compensation on October 28, 1955 alleging pain, swelling, and limitation of movement in his left knee and inflammation and pain in his left foot. The ap-

pellant denied that any disability existed from August 16, 1955 as the result of the injury of January 25, 1955.

At the hearing, in addition to claimant's testimony concerning the injuries he sustained, his condition in August, 1955 and up to date, as a result of said injuries, Dr. Robert P. Blumberg, testified he found claimant to be suffering from both a leg and a back condition, the combined effect of which resulted in a 75 to 80 per cent partial disability. On cross-examination, Dr. Blumberg qualified his opinion by stating that he could not positively relate the back injury to the accident, but testified that without the back disability he would estimate the appellee's disability as 40 to 45 per cent. The referee and the board believed the testimony of the claimant and Dr. Blumberg and awarded compensation. The court below in an able opinion by HAGAN, J., set forth the law applicable to this case. "There are certain well settled principles of law which must be kept in mind in considering a case of this nature: (1) The Workmen's Compensation Act is a remedial statute and is to receive a liberal interpretation (Gower v. Mackes, 184 Pa. Superior Ct. 41) ; (2) since in this case the Board found in favor of the claimant, the evidence must be viewed in the light most favorable to him and he must be given the benefit of every inference reasonably deductible therefrom (Gower v. Mackes, supra) ; and (3) findings of fact by the Compensation authorities, supported by substantial competent evidence, are conclusive and cannot be disturbed on appeal (Zbieg v. Rochester & Pittsburgh Coal Co., 175 Pa. Superior Ct. 308)."

The sole contention of the appellant seems to be that there was insufficient competent evidence in the finding of forty per cent partial disability. This is based on the contention that Dr. Blumberg did not give a sufficiently definite opinion of forty per cent

disability because of his answer to a question by the referee, "This is a vague estimate, cut in half, give him 40 pr 45%; that's guessing now." The court below points out, however, that the appellants did not have such lack of understanding in that, on cross-examination they asked him for details upon what he based his 40% disability. At best, all testimony as to percentage of disability, as all opinion evidence, is a matter of estimate or guess based on experience and knowledge of the subject matter. We agree with the court below where HAGAN, J. says, "It is our clear conclusion that Dr. Blumberg's testimony, taken as a whole, supports the Board's finding of 40% partial disability; and it is equally clear that defendants' counsel understood Dr. Blumberg's testimony to be an expression of opinion of 40% partial disability, because the whole purpose of the cross-examination of Dr. Blumberg was to impeach his credibility in order to discredit his opinion, a matter which is not now before us in light of the Board's acceptance of Dr. Blumberg's testimony."

We agree with the court below that the finding of fact by the referee, affirmed by the board, that as of August 16, 1955 the claimant was suffering 40% partial disability, and that this partial disability continued to the time of the hearing and will continue for an indefinite period into the future is supported by substantial competent evidence.

The decision is affirmed.

The appeal is dismissed, and the record is remitted to the court below for the entry of a judgment in favor of the claimant. As so entered, the judgment is affirmed. See *Spry v. Polt*, 186 Pa. Superior Ct. 326, 142 A. 2d 484 (1958).