# Spizzirri *v.* Krouse, Appellant.

*Master and servant—Workmen's compensation—Injury not in course of employment.*

To entitle an employee to compensation, under the Workmen's Compensation Act, the accident causing the injury need not have been the direct or necessary consequence of the employment, but it must have happened while the relation of employer and employee existed and during the course of employment, and not during a suspension of it.

In an action for compensation under the Workmen's Compensation Act, it appeared that the plaintiff had been in the employ of the defendant, engaged in removing junk, and that the defendant gave the plaintiff and others a quantity of junk to be disposed of for their own profit, and loaned them a truck in which to take it away and sell it for their own benefit. While driving the truck, in an effort to dispose of the property, the plaintiff was injured. Under such circumstances, the injury cannot be said to have occurred while the plaintiff was employed by the defendant, and an award of compensation will be reversed.

Argued October 30, 1919. Appeal, No. 208, Oct. T., 1919, by defendant, from judgment of C. P. No. 5, Phila. County, March T., 1919, No. 2396, dismissing appeal from the award of the Workmen's Compensation Board in the case of James Spizzirri v. Ray Krouse, trading as the Krouse Motor Car Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Reversed.

Appeal from order of Workmen's Compensation Board. Before MARTIN, P. J.

The facts are stated in the opinion of the Superior Court.

The court affirmed the order of the Workmen's Compensation Board, awarding the claimant compensation. Defendant appealed.

*Error assigned* was the order of the court.

*Alfred D. Wiler,* for appellant, cited: Lotz v. Hanlon, 217 Pa. 339; Scheel v. Shaw, 252 Pa. 451; Solomon v. Commonwealth Trust Co., 256 Pa. 55; Kennedy v. Knott, 264 Pa. 26.

*Samuel Scoville, Jr.,* for appellee, cited: Bolden v. Greer, 257 Pa. 513; Haddock v. Edgewater Steel Company, 263 Pa. 120; Messer v. Manufacturing Company, 263 Pa. 5; McCarl v. Houston Borough, 263 Pa. 1.

OPINION BY HEAD, J., February 28, 1920:

The appellee filed with the Workmen's Compensation Board a claim for an award against the appellant, because of personal injuries received by him, as he alleged, in the course of his employment. The referee of the board heard the testimony, made certain findings of fact from which he deduced conclusions of law on which he based an award in favor of the claimant. The defendant appealed to the board but that body made an order approving the findings of fact and conclusions of law of the referee and dismissed the appeal. Thereupon, defendant appealed to the court of common pleas of Philadelphia County, and that court, sustaining the views of the referee and the board, dismissed the appeal and confirmed the award made to the claimant. By an appeal from that decision, the case reaches this court.

No complaint is made of any finding of fact, strictly so-called, of the referee. It is only his conclusions of law and his application of them to the facts actually found that furnish the basis of this appeal. The facts found may be thus briefly stated. The defendant was engaged in the automobile business and was the lessee of a building in the southern portion of the City of Philadelphia where second-hand cars were stored or repaired and material of various kinds had accumulated. The term of the lease had expired and the defendant had been engaged for several days in removing much material as was desirable in the further prosecution of her business

to her chief place of business on North Broad street. It was the obligation of the lessee to leave the demised premises in the condition in which they were received, free from the obstruction of any old material or junk as it is called in the language of the witnesses. In the prosecution of this special work defendant had employed two or three day-laborers, among them, the plaintiff. As the special work was nearing its completion a pile of junk of some value had been set aside. The defendant told the plaintiff, and two or three others working with him, they might have the junk contained in this pile and sell it for such price as they could obtain and keep the money. She further permitted them to take one of her trucks so that they could dispose of their gift. In the language of one of the plaintiff's witnesses who drove the truck the occurrence was thus: "We had it (the junk) piled up and I asked him if I could have it. Other fellows were getting it and as we were working around there I thought I would ask him for it and he said go ahead and take it. Q. Do you know who asked permission to use the truck? A. I asked him and he said get back as soon as you can." With the junk loaded on the truck the plaintiff and two or three of his fellows drove away from the garage. The defendant did not know where they were going and exercised no control over the place where or the price for which they might convert their newly acquired property into money. They drove to a dealer in the vicinity who agreed to buy the junk and offered a price for it. They thought the offer was not large enough and declined it and started to drive to the place of business of another dealer in a distant part of the city. On their way their truck collided with another and the plaintiff suffered somewhat serious physical injury.

From this state of facts the referee deduces the legal conclusion that the defendant and the boys to whom she had given the junk were engaged in a joint enterprise in which all had an interest. The defendant was interested

in having the junk removed from her premises and the plaintiff and his fellows were interested in securing for it the largest price possible. On this theory he concludes the plaintiff was injured "during the course of his employment."

It is to be noted that our statute, differing from those of some of the states, does not confine a claimant to a case where the injury arose out of the employment, but broadens the domain within which a recovery may be had by the use of the expression "by an accident in the course of his employment." We are mindful that this language has been given a reasonably broad construction, so as to fairly effectuate the beneficent purposes of the statute. To use the words of Mr. Justice MOSCHZISKER in Haddock v. Steel Co., 263 Pa. 120: "In considering the legal aspect of the question, whether or not the underlying findings reported by the referee are sufficient to bring the case within the definition of the phrase 'course of employment,' contained in section 301, article III, of the compensation act, we have kept in mind the liberal construction placed upon the words of such statutory definition by this court in Dzikowska v. Superior Steel Co., 259 Pa. 578." But, if we are to preserve the statute and retain the benefits it seeks to confer, its language cannot be stretched too far. It was not the design of the lawmaker to make the employer an insurer against the consequences of every accident that might happen to an employee during the time of his employment; or the period that would elapse from the first moment he was employed until the instant, a day or years hence, when he ceased to work for the employer. Thus understood the expression, time of employment, might be properly held to include nights as well as days, Sundays as weekdays, periods of sickness, vacations, and the like, when the course of employment would be certainly, even if temporarily, suspended. The legislature has gone far when it requires the employer to pay for the consequences of an accident that was not caused by the performance of

the service for which the claimant was employed, and even to cases where the agency that worked the injury was in no way and to no extent under the control of the employer. Yet the accident cannot be dissociated from the employment. It need not have been a direct or necessary consequence of the employment; but it must have happened while the relation existed, during the course of the employment and not during a suspension of it.

Now, it is clear, the employer had a right to make a gift of this personal property. With the gift made and the property turned over to the possession of the donee, his interest in it, as it seems to us, had entirely disappeared. It was of no consequence to him where the defendants took the junk, to what dealer they sold it, what price they received for it. These matters were entirely within the control of the plaintiff and his fellows and were of interest only to them. But, if we stretch the proposition, that the employer was interested in having the junk removed from the garage, to the length of saying such interest continued until the truck reached the place of business of the first dealer, upon what possible consideration can it be said to have existed any longer? That dealer was willing to take the junk and pay a price for it. Had the plaintiff and his fellows accepted that price every possible interest of the employer in their mission would have been extinguished. Indeed, his interest, if any he had, would have been subserved had the offer of the first dealer been accepted, because the plaintiff would have returned to his work that much sooner in accordance with the request made by defendant's manager when he gave permission to use the truck. Wholly for their own benefit however, as we view it, and without any further possible interest of the employer in the expedition, the plaintiff and his fellows determined to try their fortune in another part of the city and in traveling there, by a route selected by themselves, prosecuting a journey wholly for their own profit, the accident occurred. In our opinion this determination worked a suspension

of the relation and broke the continuity of the course of employment. We are unable to say that the plaintiff, thus injured, has furnished any legal basis for the conclusion that the accident occurred during the course of his employment. If we were to follow the reasoning adopted by the referee and the board and the court below, we cannot see why the same conclusion would not have been adhered to had the accident occurred during a trip to a third or fourth junk dealer, had the second one not offered a satisfactory price. The end of the chain, under such circumstances, would not be visible. The learned referee sensed the danger of the reasoning he adopted when he used this language: "Had they continued to haul the junk around town spending an unreasonable amount of time in the operation the referee would have been inclined to find that the expedition was not in the course of their employment." Whether or not he would have brought them within or declared them without the course of their employment merely by a consideration of the amount of time involved, we cannot know. It is clear to us, however, that the integral nature and character of the situation could not be properly determined by that consideration.

In view of the unquestioned facts of the case, with a desire to give to the statute as liberal a construction as the fair sense of its language will warrant, we all remain of the opinion that this plaintiff has not shown a case of injury sustained in the course of his employment, but rather of one suffered in the prosecution of his own private business in which the employer had no concern.

The order of the court below dismissing the defendant's appeal and awarding the compensation allowed by the referee is reversed and set aside and the record is remitted to that court with direction to enter judgment on the appeal in favor of the defendant. The costs of this appeal to be paid by appellee.