From Homer L. Kreider, Harrisburg, Pa.

## Bucher v. The American Fruit Growers Company.

*John P. Butt*, for claimant; *Keith & Sheely*, for defendant.

McPHERSON, P. J., November 5, 1931.—This is an appeal from the decision of the Workmen's Compensation Board dismissing the claim of Daniel M. Bucher for compensation for injury alleged to have been received by him in pursuance of his employment by the defendant.

The defendant is the owner of a number of farms located in Menallen Township, Adams County, Pennsylvania, which are very largely set out in apple orchards, and the cultivation of these orchards and the harvesting of the crops raised thereon is the chief occupation of the defendant in relation thereto. Some of the land is tilled and upon it other agricultural crops are grown, used almost exclusively on the premises for the feeding and maintenance of stock, poultry and other animals or fowls usually raised as an incident to farming.

During the fall of 1928 and at the time of harvesting the crop of apples raised by the defendant, the defendant entered into a contract with the claimant whereby the claimant agreed to haul apples from the packing house of the defendant to the place of storage or shipment and he was to be compensated at a certain rate per bushel or per barrel, using his own truck, which he fueled, maintained and cared for. The rate originally agreed upon was subsequently raised. In addition to hauling the apples, the plaintiff also hauled some lumber for the defendant, and in addition helped the defendant by performing some other type of labor on the defendant's premises not incidental

to the use of his truck. These services were not included in the original contract covering the hauling, but were paid for as extra labor.

Late in the afternoon of October 30, 1928, the defendant delivered a load of apples to the railroad station at Aspers, Pennsylvania, for the purpose of shipment. After these were delivered, with his empty truck he was returning from Aspers Station to his home at Bendersville, when he had a collision with another vehicle and sustained injuries which necessitated the amputation of part of his right foot and caused him at least a one-half loss of the use of his foot.

On hearing before the referee, the claimant's claim was allowed and a certain compensation awarded. On appeal therefrom to the Workmen's Compensation Board, the award of the referee was overruled and the claim was dismissed, on the ground that the defendant's business of fruit growing in which the claimant was employed when injured is agricultural in its character and not within the provisions of the Workmen's Compensation Act. This decision was based upon a prior ruling of the board made in Osborne *v.* Easterbrook, in which it was held that fruit growing was agricultural. From this ruling the claimant appeals.

The questions raised on the appeal from the Workmen's Compensation Board are as follows:

1. Was the claimant an independent contractor or an employee of the defendant company? 2. Was the claimant engaged in the business of the defendant company at the time the injury was inflicted? 3. Was the claimant engaged in labor which was within the provisions of the Workmen's Compensation Act of Pennsylvania?

In view of the finding of the Workmen's Compensation Board that the claimant was engaged in agriculture and was, therefore, not within the provisions of the Workmen's Compensation Act of Pennsylvania, it was unnecessary for the board to pass upon the other questions raised, a conclusion at which the board arrived as set forth in its opinion.

The appeal taken to the common pleas raises the same questions as were raised before the Workmen's Compensation Board.

After a consideration of the testimony, we are convinced that the contract entered into between the claimant and the defendant relative to the hauling of apples for the defendant made the claimant an employee of the defendant, as under any construction of the contract the defendant company had such supervision and control over the claimant and the performance of the contract by him as to prevent him from being an independent contractor. The character of service and the conditions under which it was rendered were such that as an incident thereof, under ordinary circumstances, the defendant company would have control over and direction of the claimant in performing his contract and was not solely interested in the results thereof. The claimant had no right under the contract to do the work according to his own initiative but only as a part of and in accordance with the general policy and detail plans of the daily business of the defendant to be determined by the defendant. We conclude that the claimant was an employee of the defendant: Long *v.* Eastern Paving Co., 295 Pa. 163.

The injury sustained by the defendant was the result of a collision on a public road between his truck, driven by him, and another vehicle which occurred after the claimant had finished his day's work by the delivery of his last load of apples for that day to the shipping point and on his return from the shipping point to his home in Bendersville. The contract between the defendant and the claimant did not include any duty on the part of the

defendant to provide transportation for the claimant to and from his place of employment at the end of each day after the transportation and delivery of the last load of apples to be handled by him that day. Under these conditions the return of the claimant to his home from the point at which the delivery of the last load of apples was made—the completion by him of his employment for that day—was not in the course of his employment by the defendant: Morucci v. Susquehanna Collieries Co., 297 Pa. 508; Spizzirri v. Krouse, 73 Pa. Superior Ct. 476; Rotolo v. Punxsutawney Furnace Co., 277 Pa. 70.

We are, therefore, bound to conclude that the claimant was not engaged in the business of the defendant company at the time the injury was inflicted.

Was the claimant employed in labor which was within the provisions of the Workmen's Compensation Act of Pennsylvania?

Under the Act of June 3, 1915, P. L. 777, it is provided:

"Nothing contained in any article or any section of an act, entitled the Workmen's Compensation Act of 1915, shall apply to or in any way affect any person who, at the time of injury, is engaged in domestic service or agriculture."

The question raised is whether or not the word "agriculture," legally construed, would include fruit growing—the care, maintenance and cultivation of orchards and the harvesting, storage and shipping of the fruit raised therein. Agriculture as defined by Webster is the "art or science of cultivating the ground, including the preparation of the soil, planting of seeds, the raising and harvesting of crops and the raising, feeding and management of livestock." In Funk & Wagnall's Dictionary, agriculture is defined as "a science that treats of the cultivation of the soil," and under this definition it is stated "agriculture as a generic term includes at once the science or art and process of supplying human wants by raising products of the soil and by associated industries."

It is contended by the claimant that fruit growing is horticulture, an occupation distinct from agriculture and not included therein. But in the dictionary the definition of horticulture is "that department of the science of agriculture which relates to the cultivation of gardens or orchards, including the care of vegetables, fruit, flowers and ornamental shrubs and trees." In common parlance, it is unquestioned that agriculture would be considered as including fruit growing. If it is correct that horticulture is one department of agriculture, then agriculture must include horticulture. The occupations of growing fruit and of raising other crops are so allied to each other and the character and condition of labor required are so identical in each case that we can see every reason why a laborer in fruit growing should be treated and classified in the same way under this act of assembly as a laborer on the farm which grows crops other than fruit. Of course, the storage and marketing of the crop raised, whether it be fruit or grain, is just as much the work of agriculture as is the planting and cultivation thereof, or any other labor engaged in for the purpose of furthering, as a main or an incidental purpose, the cultivation of the ground or raising of crops. We are convinced that the defendant as a fruit grower was engaged in agriculture, and that the claimant, in helping the defendant for compensation to harvest and deliver for shipment or storage the crop of apples obtained from the orchards of the defendant, was engaged in the pursuit of agriculture and, therefore, was within the character of labor specifically excepted from the provisions of the Workmen's Compensation Act.

And now, November 5, 1931, the appeal taken in the above-entitled case is hereby dismissed, at the cost of the appellant.

From C. E. Stahle, Gettysburg, Pa.