## Hockaday v. Tate

*Mitchell A. Kramer*, for phaintiff.

*Leonard L. Ettinger*, for defendants.

JAMIESON, J., March 28, 1969.—In this mandamus action, plaintiff seeks the following: (1) an order

compelling his reinstatement to his civil service position of laborer in the Department of Streets; (2) an order directing that when reinstated, plaintiff be assigned to the 7th Street and Pattison Avenue installation of the Department of Streets; and (3) damages in an amount equal to plaintiff's loss of pay for the period from May 17, 1968, until he is restored to the city payroll.

In December of 1967, plaintiff was discharged for allegedly falsifying the date on a doctor's excuse from work certificate. Plaintiff appealed to the Civil Service Commission which, on March 5, 1968, ordered his reinstatement "to his former position". The Department of Streets thereafter twice unsuccessfully sought a rehearing before the commission. During the pendency of the petitions for rehearing, plaintiff was denied permission to work.

On or about May 1, 1968, after the denial of the second petition for rehearing, the Department of Streets notified plaintiff to resume employment as a laborer, but at 51st and Grays Ferry Avenue and not 7th Street and Pattison Avenue, the yard from which he had worked at the time of his discharge in December, 1967.

Plaintiff objected, contending that reinstatement to his "former position" meant that the department was obliged to assign plaintiff to work at 7th Street and Pattison Avenue. On May 20, 1968, plaintiff filed with the Civil Service Commission a petition for enforcement of the order. Without considering the merits of plaintiff's argument, the commission, by letter dated June 13, 1968, advised plaintiff that the commission did not have jurisdiction. Following a meeting between counsel for the plaintiff and Mitchell McNelis, Acting Personnel Officer of the Department of Streets, plaintiff, on May 8, 1968, accepted the appointment to the new location, but "under protest".

At the same time, plaintiff, who was a candidate in the May 15th election for president of Sanitation Local 427, requested a leave of absence in order to campaign.[1] On May 9, 1968, the leave was granted, lasting through May 15, 1968, subject to the *condition* that plaintiff report for work on May 10th for a single four hour period at the 51st Street and Grays Ferry Avenue location.

Plaintiff did not report for the required four hour period nor did he report for work on May 16th, as required. According to plaintiff, he was physically exhausted from the rigorous election campaign, rested on May 16, 1968, and reported on May 17th, one day late.

The reaction of the Department of Streets was swift. Plaintiff was refused work on the 17th and shortly thereafter, dismissed. Acting under the authority of Civil Service Regulation 22.01[2], the department

---

[1] In the belief that he was being denied his employment for the sole reason of preventing him from running for the presidency of the local, plaintiff, on April 23, 1968, instituted suit in the Federal District Court, Eastern District of Pennsylvania, against David M. Smallwood, individually and as Commissioner of Streets of the City of Philadelphia, union officers Charles Dade and Earl Stout, and the City of Philadelphia. Plaintiff sought, inter alia, an injunction prohibiting defendants from interfering with his right to run for the office of the presidency of the local. On May 7, 1968, an agreement was entered into between the parties whereby plaintiff was placed on the ballot and permitted to run for the presidency of the local. Plaintiff did not win the election.

[2] Regulation 22.01 reads:—"No officer or employee in the civil service shall absent himself from duty without leave except in the case of sickness or great emergency.

"An employee who is absent from the service without a valid leave of absence for five consecutive working days shall be deemed to have abandoned his position and to have resigned from the service unless he shall within a period of ten (10) calendar days next succeeding such five (5) days prove to the satisfaction of the Director that such failure was excusable; provided, however, that nothing herein contained shall be construed as preventing an oppointing authority from suspending or discharging an employee on account of unauthorized absence".

found that plaintiff, having failed to report for the designated four hour work period, was absent without leave; this absence continued for five working days, May 10th, 13th, 14th, 15th and 16th; and, accordingly, plaintiff had abandoned his employment.

Plaintiff appealed his dismissal to the personnel director of the city, the designated hearing authority for matters arising under regulation 22.01. The personnel director upheld the dismissal.

After counsel for plaintiff was advised by a representative of the Civil Service Commission that there was no right of appeal to the commission, the instant action in mandamus was filed. On or about August 20, 1968, counsel for plaintiff received a copy of the answer and new matter filed by the city as defendant in this case. In new matter, the city took the position that an appeal would lie to the Civil Service Commission. Plaintiff then filed such an appeal. Nevertheless, by letter dated September 24, 1968, plaintiff was advised by the commission that the Civil Service Regulations did not provide for an appeal from a dismissal under regulation 22.01.

Plaintiff's contentions can be summarized as follows:

(1) He must be reinstated to his original job location and duties because in sending him to a new location, the Department of Streets failed to comply with the order of the commission; the leave of absence conditioned upon this assignment was, in fact, an evasion of that order; and a determination that plaintiff was absent without leave was therefore erroneous under the regulations.[3]

---

[3] Plaintiff relies on section 7-201 of the Home Rule Charter, which, he says, gave the commission an alternative choice of remedies upon ordering reinstatement. The pertinent portion of that section reads:—"In all other cases where the Commission sustains the appeal of the employee it shall order the reinstatement of the employee in his former position with or without loss

(2) Alternatively, plaintiff suggests that assuming the Department of Streets had the right to assign him to another location and to make a grant of leave of absence conditioned upon four hours of work at another location, it is clear that plaintiff did not intend to abandon his employment. Therefore, plaintiff argues, the personnel director abused his discretion in upholding plaintiff's dismissal for absence without leave.

At trial, the objection by the city that plaintiff had not exhausted his administrative remedies was withdrawn. After the hearing, we raised on our own motion the question of exhaustion of administrative remedies and the parties have now submitted supplemental briefs on this issue. The city has again reversed its position, now saying that it is "encumbent upon the Civil Service Commission" to hear an appeal from dismissals by the appointing authority.[4]

We agree with the city that this proceeding is before the court prematurely and that an appeal to the Civil Service Commission must be granted when an employe is dismissed under section 22.01 of the regulations.

Plaintiff takes the position that abandonment is different from a dismissal or demotion, and there is no right of appeal to the commission under §7-201 of the charter from a determination of abandonment.[5] We

of pay for the period of his suspension or direct that he be appointed to a position of equal status in the same office, department, board or commission with or without loss of pay for the period of his suspension".

[4] However, the city reiterated its stand that plaintiff's original reinstatement at 51st and Grays Ferry Avenue was in complete compliance with section 7-201 of the charter and that there could be no further appeal to the commission in that regard.

[5] Section 7-201 of the charter provides:—"Any employee who is dismissed or demoted after completing his probationary period of service, or who is suspended for more than ten days in any one

need not decide whether such an interpretation would be sustainable in those cases in which the employe does not exercise his right under regulation 22.01 to appeal to the personnel director within 10 days after his alleged absence without leave. Where, however, the employe promptly complies with the §22.01 provision for appeal to the personnel director and is thereafter dismissed from employment, his dismissal (regardless of nomenclature) is appealable under section 7-201 of the Philadelphia Home Rule Charter.

The Civil Service Regulations make no specific reference to either the allowance or disallowance of appeals to the commission from decisions of the personnel director. Nor is there any provision in regulation 22.01, under which plaintiff was dismissed, which states that the personnel director's decision shall be administratively final. The personnel director, Foster B. Roser, testified before us that "for some reason", under existing policy, appeals on termination of service for absences without leave come to the personnel director, with no further appeal to the commission.

Examination of the overriding intent of the Philadelphia Home Rule Charter, particularly section 7-201, indicates that *any* employe who is dismissed may appeal to the commission for review. The charter nowhere authorizes the commission to deny jurisdiction or to delegate its authority to any other person or body. The official annotations to the charter are replete with specific references to each employe's appellate rights before the commission.[6]

Further, the Civil Service Regulations specifically confirm the right of *any* employe to appeal his dismissal to the commission: Regulation 17.061.

---

year, may, within thirty days after such dismissal, demotion or suspension, appeal to the Commission for review thereof".

[6] For example:—Comment to Subsection q of section 7-401; Comment to section 7-303; and Comment to section 7-201.

The comment of section 7-100 of the charter is here pertinent. It says:

"The civil service system created by this Charter vests responsibility for direct administration in a Personnel Director and responsibility for review in an independent Commission consisting of three members. *Separation of the administrative and quasi-judicial functions is desirable because each is distinct, involving special problems which require special attention*". (Italics supplied.)

When a question arose concerning the authority of the police commissioner to dismiss police officers, the city solicitor agreed with our interpretation that *all* employes have the right of appeal to the Civil Service Commission: C. S. Op. #6 (1952), page 11.

Since the charter is clear, we think that plaintiff has heretofore been denied exhaustion of his administrative remedies and we now remand this matter to the Civil Service Commission for a decision on the merits.[7]

We note parenthetically that it is particularly appropriate that the Civil Service Commission consider plaintiff's appeal. The thrust of plaintiff's argument is that the Department of Streets misinterpreted the meaning of the commission order reinstating plaintiff to "his former position". Initially, at least, the commission should express what it meant by the words it used. After placing the order in proper setting, the commission should then be in good position to determine whether discharge from the service is the proper action under all the circumstances.

Plaintiff will not be precluded from appealing to the courts from the decision of the commission, should

---

[7] That administrative remedies must be exhausted prior to resort to the courts is a well-established principle of law:—Cf. Collegeville Borough v. Philadelphia Suburban Water Company, 377 Pa. 636 (1954).

510

its finding be adverse to him. We note that appeals from decisions of the commission are specifically provided for, and limited by section 7-201 of the Philadelphia Home Rule Charter, as follows:

"Findings and decisions of the Commission and any action taken in conformance therewith as a result thereof shall be final and there shall be no further appeal on the merits, but there may be an appeal to the courts on jurisdictional or procedural grounds".

Any appeal under this provision would be governed by the rules set forth in Beard v. State Civil Service Commission, 424 Pa. 146 (1967), limiting review to: (1) jurisdiction; (2) the regularity of the proceedings; (3) whether the commission exceeded its powers; and (4) whether the order of the commission violated plaintiff's constitutional rights.

Accordingly, the following order is hereby entered:

ORDER

And now, to wit, March 28, 1969, this matter is remanded to the Civil Service Commission for consideration of the issues raised herein, as if plaintiff had filed a timely appeal to the Civil Service Commission from the decision of the personnel director finding that plaintiff had, in fact, abandoned his position under the terms of section 22.01 of the Civil Service Regulations.