Harrington *v.* Philadelphia Civil Service Commission.

Argued February 10, 1972, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Sheldon S. Toll,* with him *Montgomery, McCracken, Walker & Rhoads,* for appellant.

*Howard D. Scher,* Assistant City Solicitor, with him *John Mattioni,* Deputy City Solicitor, and *Levy Anderson,* City Solicitor, for appellee.

OPINION BY JUDGE ROGERS, March 10, 1972:

Appellant, a Lieutenant in the Philadelphia Fire Department, was injured in an automobile accident

while driving his car home from work on January 20, 1970. Appellant had been ordered to report to a new fire station assignment on that date. Because appellant had his "running gear"[1] at home, he used his car to get to work. This enabled him to transport his "running gear" which he claimed was too bulky to transport by public transportation from his home to his new fire station assignment.

Appellant filed a disability claim with the Fire Commissioner. The Fire Commissioner determined that the disability was not service connected. Appellant appealed this decision to the Philadelphia Civil Service Commission which, after hearing, held that the disability was not service connected. Appellant then appealed to the Court of Common Pleas of Philadelphia County which affirmed the decision of the Philadelphia Civil Service Commission on the basis that appellant did not allege any errors within the court's scope of review as set forth in the Philadelphia Home Rule Charter. This was error but, for reasons which follow, does not require a reversal or remand.

The lower court held that its scope of review was limited by the last paragraph of Section 7-201 of the Philadelphia Home Rule Charter which states: "Findings and decisions of the Commission and any action taken in conformance therewith as a result thereof shall be final and there shall be no further appeal on the merits, but there may be an appeal to the courts on jurisdictional or procedural grounds." This was reasonable in light of the language of this Court in its opinion in *Leroy Staton v. Civil Service Commission of the City of Philadelphia*, 1 Pa. Commonwealth Ct. 543, 275 A. 2d 716 (1971). In that case neither counsel for

---

[1] Appellant stated that his "running gear" consisted of boots, run coat, safety helmet, changes of uniform, work and dress uniform, and toilet articles.

the claimant nor the Civil Service Commission suggested
that the scope of reivew should be other than an exam-
ination of jurisdiction and of regularity of the proceed-
ings.[2] That opinion, therefore, did not discuss the change
in the law effected by the Local Agency Law, Act of
December 2, 1968, P. L.    , No. 353, as amended, 53
P.S. §11301 *et seq.* This law was enacted to implement
Section 9 of the Judiciary Article of the Constitution
of Pennsylvania, adopted in 1968, which states: ". . .
and there shall also be a right of appeal from a court
of record or from an administrative agency to a court
of record or to an appellate court . . .", and as imple-
mented, supersedes the last paragraph of Section 7-201
of the Philadelphia Home Rule Charter. *Cf. Addison
Case,* 385 Pa. 48, 122 A. 2d 272 (1956), *appeal dis-
missed,* 352 U.S. 956, 77 S. Ct. 353, 1 L. Ed. 2d 316
(1957).

Inasmuch as a full and complete record was made
before the Civil Service Commission, and appellant's
exceptions to the decision of the Philadelphia Civil Ser-
vice Commission are comprised solely of errors of law,
we will decide the appeal.

Our scope of review is defined by Section 8(b) of
the Local Agency Law, 53 P.S. §11308(b), which states
in part: "After hearing, the court shall affirm the ad-
judication unless it shall find that the same is in viola-
tion of the constitutional rights of the appellant, or is
not in accordance with law, or that the provisions of
this act have been violated in the proceeding before the

---

[2] Our research indicates four cases in which the lower court's
scope of review was considered or raised. In none of these cases
was the Local Agency Law mentioned. *See Morgan v. Bucher,* 442
Pa. 498, 276 A. 2d 523 (1971); *Schwartz Case,* 219 Pa. Superior Ct.
245, 275 A. 2d 666 (1971); *Hockaday v. Tate,* 46 Pa. D. & C. 2d
503 (1969); *Curry v. Philadelphia Civil Service Commission,* 47 Pa.
D. & C. 2d 222 (1969).

agency, or that any finding of fact made by the local agency and necessary to support its adjudication is not supported by substantial evidence."

The issue in this case is whether the appellant was within the scope of his employment when he left his new fire station assignment at approximately 6:00 p.m., on January 20, 1970, and proceeded to drive home. We, are unpersuaded by the cases cited by appellant and find this issue controlled by the decision of our Supreme Court in *Cronin v. American Oil Co.*, 298 Pa. 336, 148 A. 476 (1929). There the court found against an employee who was on his way home with the added factual distinction that the employee was in the habit of carrying the day's receipts on his person.

The language of the court is helpful in resolving the issue before us: "When he left his working place to go home, the liability of the employer to him as an employee ended, unless after departing from the premises he was incidentally performing some act for the master under his contract of service. *The exception in such case is found where there is some special duty undertaken for and directed by the employer after the work is completed*: Haddock v. Steel Co., 263 Pa. 120; Cymbor v. Binder Coal Co., 285 Pa. 440. It must not be an act done for the mere convenience of the employee, but by order of the master, express or implied: Fairbank Co. v. Industrial Commission, 285 Ill. 11, 120 N.E. 457. Unless such circumstances appear, his employment ends when he starts home from the premises (Palko v. Taylor-McCoy Coal Co., 289 Pa. 401; Maguire v. Lees Sons & Co., supra; Spizzirri v. Krouse, 73 Pa. Superior Ct. 476), and does not continue thereafter, while on the way to his residence: Bossard v. Nallin & Jennings Park Co., 93 Pa. Superior Ct. 301. The mere fact of employment is not enough to justify an award of compensation, for the injury must be in-

flicted while engaged in the cause of it: Shoffler v. Lehigh Valley Coal Co., 290 Pa. 480." (Emphasis added.) 298 Pa. at 340-41, 148 A. at 478.

We reject the contention of appellant that because he utilized his automobile to transport his "running gear" from his home to work, the return trip home after work the same day should be viewed as the completion of this act within the scope of his employment. However the trip to work is treated, and we expressly do not decide this issue, the trip home was not within the scope of employment. On the record before us, the fact that appellant decided to use his car to move his gear to work bears no relationship to the fact that he had to drive it home from work as a result within the context of scope of employment.

The decision of the Court of Common Pleas of Philadelphia County, as modified, is affirmed.