Thomas P. Harrington, Appellant, *v.* Workmen's Compensation Appeal Board and The City of Philadelphia, Appellees.

Argued July 30, 1974, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Kirk T. Karaszkiewicz*, with him *Gerald A. Gleeson, Jr.* and *Montgomery, McCracken, Walker & Rhoads*, for appellant.

*Nicholas Panarella, Jr.*, Assistant City Solicitor, with him *James M. Penny, Jr.*, Assistant City Solicitor, *John Mattioni*, Deputy City Solicitor, and *Martin Weinberg*, City Solicitor, for appellee, of the City of Philadelphia.

OPINION BY JUDGE ROGERS, September 3, 1974:

Thomas P. Harrington, a Lieutenant of the Philadelphia Fire Department, was seriously injured in an automobile accident while driving his car home from work on January 20, 1970. He had been ordered to report to a new fire station assignment on that date. Because his so-called running gear, consisting of a coat, boots, helmet, uniforms and toilet articles, was at home, he used his personal car to get to work. He testified that his running gear was too bulky to transport by public transportation.

Mr. Harrington filed claim for compensation under Regulation 32 of the Philadelphia Civil Service Com-

mission, subsection 32-022 of which provides compensation for injuries "caused by accident . . . which is service connected." In *Harrington v. Civil Service Commission,* 4 Pa. Commonwealth Ct. 580, 287 A. 2d 912 (1972), we held that Mr. Harrington's injuries were not sustained while he was within the scope of his employment and, hence, were not service connected as Regulation 32 requires. Our Supreme Court denied Mr. Harrington's petition for allowance of appeal.

The case is now before us upon Mr. Harrington's claim for compensation pursuant to The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, 77 P.S. §411, which provides compensation for injuries sustained "while the employee is actually engaged in the furtherance of the business or affairs of the employer." Section 301(c) of the Act, 77 P.S. §411. The referee, without mention of this court's decision in the Regulation 32 case, concluded that Mr. Harrington was in the course of his employment and awarded compensation. The Workmen's Compensation Appeal Board reversed the referee and dismissed Mr. Harrington's petition on the ground that our prior decision was binding by reason either of res judicata or collateral estoppel. Mr. Harrington has appealed.

The claim under Regulation 32 is a different cause of action from a claim under The Pennsylvania Workmen's Compensation Act, although the law relating to both, as we shall point out, is the same. The claimant is not therefore barred by res judicata.

It seems to us, however, that he is precluded by collateral estoppel. Section 70 of the Restatement Judgments reads: *"Where a question of law essential to the judgment is actually litigated and determined* by a valid and final personal judgment, the *determination is not conclusive* between the parties in a subsequent action on a different cause of action, except

where both causes of *action arose out of the same subject matter or transaction;* and in any event it is not conclusive if injustice would result." (Emphasis added.) The question of whether the claimant was in the course of his employment is one of law. *Wolfingbarger v. Addressograph-Multigraph Corp.*, 188 Pa. Superior Ct. 136, 146 A. 2d 309 (1958). Both the cause under Regulation 32 and that under The Pennsylvania Workmen's Compensation Act arise out of the same subject matter and the facts are not in dispute. Finally, there is here no resulting injustice as that word in this context is explained in Comment (f) to Restatement section 70.

In *Nicklos v. Firestone Tire & Rubber Co.*, 346 F. Supp. 185 (E.D. Pa. 1972), the plaintiff lost in an earlier workmen's compensation claim and subsequently filed a common law tort action. Judge LUONGO noted that, "where, however, there is an identity of parties, even though the causes of action are not identical, those material matters which have been litigated between the parties are barred from relitigation in subsequent proceedings by the doctrine of collateral estoppel." 346 F. Supp. at 188. The court concluded by stating that "[t]he issues thus advanced in plaintiff's pleadings in the instant action were the very issues litigated between plaintiff and defendant in the Workmen's Compensation proceedings. That the issues were material is beyond question and they may not, therefore, be litigated again between the same parties." 346 F. Supp. at 189.

Our decision in the Regulation 32 case, even if it were not conclusive by collateral estoppel under Restatement Rule 70, is clearly controlling here. In *City of Philadelphia v. Hays,* 13 Pa. Commonwealth Ct. 621, 320 A. 2d 406 (1974), we held that the principles of law laid down by the courts in interpreting The Pennsylvania Workmen's Compensation Act are

applicable in the interpretation of similar provisions under Regulation 32. We, in fact, anticipated the *Hays* holding in *Harrington v. Civil Service Commission, supra,* because we there rejected Mr. Harrington's claim under Regulation 32 on *the authority of workmen's compensation cases,* principally *Cronin v. American Oil Company,* 298 Pa. 336, 148 A. 476 (1929).

We conclude with the same sentence with which we ended our earlier decision: "On the record before us, the fact that the appellant decided to use his car to move his gear to work bears no relationship to the fact that he had to drive it home from work as a result within the context of scope of employment." *Harrington v. Civil Service Commission,* 4 Pa. Commonwealth Ct. at 585, 287 A. 2d at 915.

### Order

And Now, this 3rd day of September, 1974, the order of the Workmen's Compensation Appeal Board reversing the referee's award dismissing the appellant's claim petition is affirmed.