In Re: Appeal of Louise Stanton. Louise Stanton, Appellant.

Argued September 29, 1978, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three. Reargued June 5, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER,

ROGERS, CRAIG and MACPHAIL. Judges BLATT and DI-SALLE did not participate.

*Joel M. Scheer*, for appellant.

*Robert A. Freedberg*, for appellee.

OPINION BY JUDGE MENCER, July 5, 1979:

Louise Stanton (claimant) has appealed an order of the Court of Common Pleas of Northampton County upholding a decision of the Board of Managers of the City of Easton—Firemen's Pension Fund (Board) denying her application for a pension. We affirm.

The facts are undisputed. Claimant is the widow of William G. Stanton, who was killed in a motorcycle accident on July 16, 1974. At the time of his death, William Stanton was employed by the City of Easton Fire Department, having served slightly more than four years. His accident, however, occurred while he was off duty and was not job related.

Claimant requested pension benefits pursuant to Section 4321 of The Third Class City Code (Code), Act of June 23, 1931, P.L. 932, *as amended*, 53 P.S. §39321, which reads, in pertinent part, as follows:[1]

---

[1] The local ordinances implementing The Third Class City Code firemen's pension requirements are contained in Article 149, Sections 149.01-.10, Codified Ordinances of the City of Easton. The quoted

> Upon the death of a member who retires on pension or is killed in the service on or after January 1, 1960, or who dies in the service on or after January 1, 1968, payments as hereinafter provided shall be made to his widow during her life so long as she does not remarry.

Her request was voted on by the Board and approved on November 14, 1974. The City of Easton, however, refused to issue a check for the pension, whereupon claimant filed an action in mandamus in the Court of Common Pleas of Northampton County to compel the City to pay the pension. The lower court dismissed claimant's mandamus action as premature, in that the Board's approval did not constitute a valid adjudication under the Local Agency Law, Act of December 2, 1968, P.L. 1133, *formerly* 53 P.S. §11301 et seq.[2] Claimant did not appeal this decision.

On April 21, 1977, the Board again considered claimant's request and filed a formal adjudication in accordance with the Local Agency Law, denying claimant a pension because her husband's death was not job related and he had not met the age and service requirements of Section 149.06 of the Codified Ordinances of the City of Easton.[3] On appeal, the Court of Common Pleas of Northampton County affirmed

---

language of Section 4321 of the Code is reflected in Section 149.09 (b) of the Codified Ordinances of the City of Easton, as enacted by Ordinance No. 2039, on May 29, 1969. Section 149.09(b) reads as follows:

> (b) The widow of any member who was killed or dies in service shall, during her lifetime or so long as she does not remarry, receive pension payments of the amount payable to the member had he been retired at the time of his death.

[2] Repealed by Section 2(a) of the Judiciary Act Repealer Act (JARA), Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1429]. A similar act is now found in 2 Pa. C.S. §§551-555 and §§751-754.

[3] Pursuant to Section 149.06, a fireman must be at least 50 years old and have served 20 years before he can retire on a pension. *See*

the Board, holding that a fireman's death, before he reaches retirement, must occur while he is on active duty in order for his widow to be entitled to a pension under Section 4321. This appeal followed.

Claimant first contends that the lower court erred in the mandamus action in finding that the initial vote of the Board did not constitute an enforceable adjudication. Claimant, however, is precluded from raising this issue by the doctrine of collateral estoppel, as the issue was fully litigated in the mandamus action and this action arises out of the same subject matter and transaction as the mandamus action. *See* Restatement of Judgments §70, Comment b (1942); *cf. Harrington v. Workmen's Compensation Appeal Board*, 15 Pa. Commonwealth Ct. 119, 325 A.2d 337 (1974) (fireman who was injured while driving his car home from work held estopped from raising the issue of whether he was injured in the course of his employment as the issue had been previously litigated in a Philadelphia civil service action).

Claimant's second contention is not as easily resolved. She argues that the lower court erred in finding that a fireman's death must occur while he is on active duty before a widow may collect a pension. Claimant argues that the phrase "dies in the service" as added by Section 2, Act of July 20, 1968, P.L. 434, shows a legislative intent to pay a pension to widows of firemen who die while members of the fire department regardless of the circumstances of the fireman's death.

Although we agree with claimant that "in the service" means in the employ of the fire department, our conclusion does not automatically entitle claimant to a pension, as we do not find an independent right to

Section 4321 of the Code which requires a city to establish a service requirement and authorizes the establishment of an age requirement before a pension is payable.

38

a pension in widows of members who die in the service. Their rights are necessarily derived from those of their husbands.

As Section 4321 indicates, the widow of a member who dies in the service after January 1, 1968 shall receive payments "*as hereinafter provided.*" (Emphasis added.) The only reference to such payments is that in Section 4322(a), 53 P.S. §39322(a), which reads, in pertinent part, as follows:

> Payments to widows of members retired on pension or killed in the service on or after January 1, 1960, or who die in the service on or after January 1, 1968, shall be the amount payable to the member or *which would have been payable had he been retired at the time of his death.* (Emphasis added.)

Section 4322(a) allows *payments* to two groups: widows of those members retired on pensions, in which case they receive what the member had been receiving, and widows of members who were killed or who died while employees of the fire department, in which case they receive what the member would have received if he had retired as of the date of his death. If, at that time, he does not meet the age and service requirement of Section 149.06 of the Codified Ordinances of the City of Easton, then he, and through him his widow, is entitled only to his contributions to the pension fund pursuant to Section 4327, 53 P.S. §39327.[4] If,how-

---

[4] Section 4327 reads in pertinent part as follows:

Section 4327. Repayment Before Retirement.—If for any cause any member of the fire department contributing to the pension fund shall cease to be a member of the fire department before he becomes entitled to a pension, the total amount of the contributions paid into the pension fund by such member shall be refunded to him in full without interest. . . . In the event of the death of a member of the fire department not in the line of service before the member becomes entitled to the pension aforesaid and such mem-

ever, the member has met the age and service requirements of the pension fund by the time of his death, then he, and derivatively his widow, is entitled to a pension. By this means, the legislature has provided for those members who, while eligible to *retire on a pension,* decide to continue working.

Since it is admitted that claimant's husband had only served slightly more than four years in the fire department, he was not eligible for a pension on the date of his death. Thus, the only payments he would have received are his contributions, pursuant to Section 4327. Accordingly, claimant, as holder of her husband's derivative right, is also only entitled to his pension contributions.

Order affirmed.

### ORDER

AND Now, this 5th day of July, 1979, the order of the Court of Common Pleas of Northampton County in the above captioned case, dated August 17, 1977, affirming the denial of pension benefits to Louise Stanton by the Board of Managers of the City of Easton—Firemen's Pension Fund, is hereby affirmed.

---

DISSENTING OPINION BY JUDGE CRAIG:

After much study of the regrettably ambiguous statutory language governing this case, my conclusion is to dissent.

---

ber is not survived by a widow or family entitled to payments as hereinbefore provided, the total amount of contributions paid into the pension fund by the member shall be paid over to his estate.

Although claimant cited the last sentence of Section 4327 in support of her contention, we find it to be consistent with our interpretation of Section 4321. The last sentence merely clarifies what a pension board is to do with a member's contributions when he dies not eligible for a pension. If he is not survived by a widow who is eligible for his contributions under Section 4322(a), then his contributions are to be paid to his estate.

I agree with the majority that "in the service" refers to death of a firefighter during the period of his fire department career and does not require that death shall have occurred in the course of employment.

The amendment of Section 4321 of the Code, 53 P.S. §39321, so that it now makes separate reference to a firefighter "killed in the service" in 1960 or later and one "who dies in the service" in 1968 or later, evidences a legislative intention clearly to distinguish the latter phrase from an implicit requirement that death come in the line of duty.

The majority opinion correctly considers the more difficult problem of statutory construction to be whether any death benefit entitlement can accrue to a widow whose decedent was not eligible for pension at the time of death.

The language of Section 4322(a) of the Code, 53 P.S. §39322(a), giving a firefighter's widow

the amount . . . which would have been payable

had he been retired at the time of his death. . . .

confronts us with ambiguity.

The specific issue is whether that passage (1) assumes retirement status only for the purpose of establishing the amount of payment to a widow, for death at any point in her spouse's career, or (2) assumes retirement status to indicate that death benefits to a widow are conditioned upon the decedent having been actually eligible for pension; *i.e.*, that, even though still employed, the decedent shall have attained the required minimum number of years of service and the required minimum age, as specified by pension regulations adopted under Section 4321, 53 P.S. §39321, here Section 149.06 of the Codified Ordinances of the City of Easton.

Careful study of all of the sections of the Act leads me to conclude that actual eligibility for pension is not required, particularly because the statutory pas-

sage in question clearly expresses an *assumption* of retirement and refers to amount. It simply does not state that eligibility for pension is a prerequisite of payment to widows of firefighters who die in the service.

The majority opinion reads into Section 4322(a) an eligibility requirement which simply is not there. The section gives the widow an amount which is—just as the majority opinion states it—"what the member would have received *if* he had retired as of the date of his death." (Emphasis added.) Retirement, and therefore eligibility for retirement, is assumed.

That interpretation finds confirmation in Section 4327, 53 P.S. §39327, which reads:

Section 4327. Repayment Before Retirement.—If for any cause any member of the fire department contributing to the pension fund shall cease to be a member of the fire department before he becomes entitled to a pension, the total amount of the contributions paid into the pension fund by such member shall be refunded to him in full without interest. . . . In the event of the death of a member of the fire department not in the line of service before the member becomes entitled to the pension aforesaid and such member is not survived by a widow or family entitled to payment as hereinbefore provided, the total amount of contributions paid into the pension fund by the member shall be paid over to his estate.

This Section 4327 is very significant because it specifically contemplates the situation before us, the death of a "member in the fire department" (in the service) but "not in the line of service" (not on duty) *before pension entitlement.* If a widow in such a situation were not entitled to the death benefit as the "payment as hereinbefore provided," there would be

a provision, in a preceding part of Section 4327 or in a preceding section, stating that the widow or family receives only a refund of the member's contributions. However, there is no such preceding provision. The only preceding provisions are those which provide for *benefit* payments (not contribution refunds) to families and widows, in Sections 4320, 4321 and 4322 (53 P.S. §§39320, 39321, 39322).

The fallacy of the majority opinion is made clear by the fact that no section of the Act whatsoever expresses the idea that the widow of a pension-ineligible firefighter gets only his contributions. The majority opinion inconsistently attributes that idea to two different sections, saying:

> If, at that time [death], he does not meet the age and service . . . then he, and through him his widow, is entitled only to his contributions to the pension fund pursuant to Section 4327. . . .

but then, in a footnote,

> If he is not survived by a widow who is eligible for his contributions under Section 4322 (a), then his contributions are to be paid to his estate.

Which is it? Section 4327 or 4322(a)?

Actually, neither one of those sections—or any other section—states that the widow of a pension-ineligible member gets only contributions. Section 4322 (a)—the section at issue—mentions *only* retirement payment amount (which is why the majority must read the eligibility requirement into it) and hence a widow's entitlement to contributions cannot be found in that section.

Section 4327, 53 P.S. §39327, begins with the statement that if a member ceases to be a member for any cause, "the total amount of the contributions paid into the pension fund by such member shall be refunded to him in full without interest." If that sentence

is intended to imply payment of contributions to the non-pension-eligible decedent's estate (as the majority says, "... then he, and through him his widow, is entitled only to his contributions ... pursuant to Section 4327)," then why would the last sentence of that same section redundantly provide that the contributions of a non-pension-eligible decedent not survived by widow or family be paid to his estate? We thus come back to the fact that the last sentence provides for payment of *contributions* to an *estate* only if the member is not survived by a widow (or family) entitled to *benefits* payments, which are the only ones "hereinbefore provided" for widows or families. In other words, it would not make sense to provide for refund of contributions to an estate in absence of a widow if the intent were to indicate that a widow in existence receives the contribution refund through the estate.

Provisions in two other sections, although not conclusive in themselves, are consistent with our interpretation of the questioned passage.

Section 4321, 53 P.S. §39321, in its last sentence provides that:

> Upon the death of a member who retires on pension or is killed in the service on or after January 1, 1960, or who dies in the service on or after January 1, 1968, payments as hereinafter provided shall be made to his widow during her life so long as she does not remarry.

If the payments "hereinafter provided" include both pension payments to the pension-eligible member's widow and refund of contributions to the ineligible member's widow, then it is impossible to understand the overall mandate for lifetime payments to the widow, when a refund of contributions is a lump-sum payment by nature, not subject to reduction for remarriage or enlargement for longevity.

Also consistent with our interpretation of the questioned passage is Section 4324, 53 P.S. §39324, which expressly permits the funding ceiling of 3% of all city taxes to be exceeded "if an additional amount is deemed necessary to provide sufficient funds for payments to widows of members retired on pension or killed or who die in the service. . . ."

Finally, it is noteworthy that, throughout the statute, the situation of those who die in service is now treated together with those killed in line of duty. Pension-amount payment to the widows of the latter class of decedent members, even if not pension-eligible, is easier to accept; yet, as occurs particularly in Section 4322(a), the same amount-payable phrase simultaneously applies to both classes of decedents.

I would therefore reverse the order below and remand for computation of benefits to be paid to claimant by applying the statutory assumption that claimant's decedent was retired at the time of his death.

Judge ROGERS joins in this dissent.