**Vanodrict LOGUE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (CITY OF PHILADELPHIA), Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 8, 1995.

Decided June 5, 1995.

Ronald N. Lebovits, for petitioner.

Timothy F. Coffey, for respondent.

Before DOYLE and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Vanodrict Logue (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) reversing the order of the referee which granted compensation benefits to Claimant. We reverse and remand.

The referee found the following facts. Claimant was employed as a data entry clerk on May 5, 1986, when a roller came off the back of the chair in which Claimant was sitting, toppling the chair and causing her to jerk herself to avoid falling on the floor. As a result, Claimant injured her back. Claimant notified her supervisor of her injury, and went to the City of Philadelphia's (Employer) compensation clinic where she was examined and X-rays were taken.

Claimant subsequently consulted her physician, Dr. Montique, who treated her with ultrasound and hot packs. Dr. Montique diagnosed Claimant's condition as unresolved lumbosacral sprain and strain with a herniated disc at L4–L5. He stated that Claimant

continues to be disabled from this work-related injury. Claimant was also examined by Dr. John T. Williams, Employer's expert, who diagnosed Claimant as having an acute lumbosacral strain and sprain which had resolved at the time of his examination. The referee specifically accepted the opinion of Dr. Montique and rejected that of Dr. Williams. Employer appealed the referee's decision to the Board which reversed on the basis that Claimant was collaterally estopped from raising her claim because of a prior adverse decision by the Philadelphia Civil Service Commission (Commission).

■ Claimant first argues that the Board erred as a matter of law in applying the doctrine of collateral estoppel to bar Claimant's claim petition. Collateral estoppel will apply only when the issue decided in the prior adjudication was: (1) identical with the one presented in the later action; (2) when there was a final judgment on the merits; (3) when the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; (4) when the party against whom it is asserted has had a full and fair opportunity to litigate the issue in a prior action; and (5) when the determination in the prior proceeding was essential to the judgment. *Raymond C. Griswold v. Workmen's Compensation Appeal Board (Thompson Maple Products)*, —— Pa.Commonwealth Ct. ——, 658 A.2d 449, (1995); *Balent v. City of Wilkes–Barre*, 167 Pa.Commonwealth Ct. 556, 648 A.2d 1273, *appeal granted*, 539 Pa. 696, 653 A.2d 1233 (1994).

■ In addition, for collateral estoppel to apply *between administrative agencies*, there must be a showing that the policies and goals underlying the matter at issue are the same in both proceedings. *Fred Lamborn v. Workmen's Compensation Appeal Board (Amoroso Baking)*, —— Pa.Commonwealth Ct. ——, 656 A.2d 593 (1995), *citing, Odgers v. Unemployment Compensation Board of Review*, 514 Pa. 378, 525 A.2d 359 (1987); *Bortz v. Workmen's Compensation Appeal Board (Reznor Division of FL Industries)*, —— Pa.Commonwealth Ct. ——, 656 A.2d 554, (1995).

The Board held that this case is controlled by *Harrington v. Workmen's Compensation Appeal Board*, 15 Pa.Commonwealth Ct. 119, 325 A.2d 337 (1974), which held that when a claim was denied on the basis that the injury suffered was not sustained while the claimant was within the scope of his employment, as required under Regulation 32 of the Philadelphia Civil Service Commission, then collateral estoppel bars relitigation of this issue under The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

Claimant argues that *Harrington* is not controlling because the existence and extent of a claimant's disability is a question of fact, and the principle of issue preclusion or collateral estoppel will only bar relitigation when the issue, as in *Harrington*, involves a question of law. However, our Supreme Court has held that issue preclusion forecloses relitigation of either issues of fact or law, *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 534 Pa. 327, 632 A.2d 1302 (1993), and therefore, if all the conditions for collateral estoppel are met, relitigation of an issue of fact will also be foreclosed.

■ Here, however, we are unable to determine whether all the conditions for collateral estoppel have been met because, although the City raised the issue before the referee (N.T. at 20, April 8, 1988), the Commission's decision was not made part of the record, and consequently the referee made no findings of fact or conclusions of law relative to the effect of that decision. As the Board did not take new evidence, the Commission's decision was also not part of the record on appeal to the Board.

As a result, we cannot determine whether the issues before the Commission and the Board were the same, nor determine the basis for the Commission's denial of benefits. It is not clear if the Commission denied benefits because it was determined that the Claimant was not legally disabled from her work-related injury, or whether her disability had terminated, or whether she was partially disabled, but because she had failed to accept a light duty position for which she had been medically cleared, she was deemed unquali-

fied to receive benefits. If the latter were the case, then we do not know if the light-duty jobs which were offered Claimant were "available" to her, as defined by the Supreme Court in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). In addition, there has been no analysis or showing that the policies and goals of the Commission proceedings are the same as those underlying the Board proceedings. Such a showing is required for collateral estoppel to apply between administrative agencies. Because we do not have a complete record in this case, we are unable to determine if the Board's decision giving preclusive effect to the Commission's ruling, and thus reversing the referee's decision granting workers' compensation benefits was a proper application of the principle of collateral estoppel.

Accordingly, we reverse the order of the Board reversing the referee's grant of benefits and remand the case for supplementation of the record, and for a decision in accordance with the foregoing opinion.

### ORDER

AND NOW, this 5th day of June, 1995, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed and the case is remanded in accordance with the foregoing opinion.

Jurisdiction relinquished.